United States Court of Appeals
Fifth Circuit

**F I L E D**

March 14, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-51110
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOHN KENNETH COIL,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Western District of Texas
_____

Before HIGGINBOTHAM, DAVIS and STEWART, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

John Kenneth Coil appeals his conviction and sentence following unconditional guilty pleas to charges of a violation of 18 U.S.C. § 1465 for transportation of obscene materials in interstate commerce for sale or distribution, and a violation of 18 U.S.C. § 1341 for mail fraud by mailing a false IRS Form 1040. Coil argues on appeal that the District Court erred by (1) imposing a sentence above the statutory maximum and in violation of Booker; (2) denying Coil's motions to suppress evidence obtained pursuant to a search warrant which Coil claims is facially invalid; and (3) enforcing 18 U.S.C. § 1465, which Coil

1

claims is unconstitutional under <u>Lawrence v. Texas</u>, 539 U.S. 558 (2003).  We disagree that the district court erred in denying the motions to suppress or in enforcing § 1465, and therefore affirm Coil's conviction.  We agree with Coil, however, that we should vacate Coil's sentence and remand for resentencing in light of <u>Booker</u> and the relevant statutory maxima.

I.

Coil first argues, in reliance on <u>United States v. Booker</u>, 543 U.S. 200 (2005), that the district court violated the Sixth Amendment in imposing enhancements to his sentence under a mandatory Guidelines scheme based on facts not admitted by him or found by a jury beyond a reasonable doubt.  Because Coil preserved his claim of <u>Booker</u> error by making a proper objection, and the Government concedes that the error was not harmless, we vacate the sentence and remand for resentencing.  <u>See</u> <u>United State v. Pineiro</u>, 410 F.3d 282, 284 (5th Cir. 2005).

Coil also argues that the district court erred in imposing a sentence above the statutory maxima.  The district court imposed a sentence of 63 months on the mail fraud count, noting that this was the lower end of the guidelines calculation.  The court ordered the sentence to run concurrently with the 60-month term of imprisonment imposed for the obscenity count.  The district court acknowledged that the statutory maximum was 5 years on the

2

obscenity count, but failed to note that the same statutory maximum applied to the mail fraud offense as well. The Government concedes that the 63-month sentence imposed for the mail fraud count exceeds the statutory maximum of 60 months, as provided in § 1341 at the time of the offense. This error is plain and affects Coil's substantial rights and also affects the fairness, integrity, and public reputation of judicial proceedings. See United States v. Olano, 507 U.S. 725,731-37 (1993). Therefore, even if remand and resentencing were not warranted on the basis of the Booker error discussed above, we would vacate and remand for resentencing on the mail fraud offense within the statutory limits.

## II.

Coil next argues that the district court erred in denying his motions to suppress evidence recovered pursuant to a warrant he claims was facially invalid. The government argues that Coil waived the right to challenge the denial of his motions to suppress by entering an unconditional guilty plea.[1] As the government argues, the issue of whether Coil reserved the right to appeal the District Court's denial of his motion to suppress

---

[1] Although Coil claims in his original brief that in his plea agreement he did not "waive his right to appeal the denial of pretrial motions or other matters," he has not filed a reply brief or challenged the government's assertion that he did not enter a conditional plea or otherwise preserve an appeal of the denial of his motions to suppress.

was not raised at rearraignment.  The written plea agreement does not reserve the right to challenge the denial of the motions to suppress.

An unconditional guilty plea waives all non-jurisdictional defects in the trial court proceedings.  United States v. Bell, 966 F.2d 914, 915 (5th Cir. 1992).  An erroneous pretrial ruling is a non-jurisdictional defect that is waived by an unconditional guilty plea.  See United States v. Wise, 179 F.3d 184, 186 (5th Cir. 1999) (denial of motion to suppress waived by unconditional guilty plea).  A district court need not inform defendant that his guilty plea operates as a waiver of the right to appeal non-jurisdictional pretrial rulings.  Id. at 186-87.

The record does not reflect any reservation by Coil of the right to challenge the district court's evidentiary ruling on appeal.  Coil waived the right by entering an unconditional guilty plea, and therefore we will not consider the merits of his argument.  See Bell, 966 F.2d at 915-17.

III.

Coil argues, for the first time on appeal, that 18 U.S.C. § 1465—the statute under which he was convicted for transportation of obscene materials for sale or distribution—is unconstitutional in the wake of the Supreme Court's decision in Lawrence v. Texas, 539 U.S. 558 (2003).  He argues that § 1465 violates the

4

substantive due process rights of individuals to possess obscene materials in their homes, a fundamental right to privacy he contends was established in Stanley v. Georgia, 394 U.S. 557, 568 (1969). Coil asserts that he has standing to challenge the constitutionality of § 1465 because he is a vendor of adult materials, asserting the privacy rights of those who would purchase such materials.[2]

Coil asserts that neither the Supreme Court nor this court have addressed "whether the fundamental right to privacy called for strict scrutiny of any statutes criminalizing the transportation or distribution of obscenity involving only consenting adults." Instead, Coil takes the position that Stanley and its progeny, i.e., United States v. Reidel, 402 U.S. 351 (1971), United States v. Thirty-Seven (37) Photographs, 402 U.S. 363 (1973), United States v. 12 200-Ft. Reels of Super 8mm

---

[2] Although the government does not concede that Coil has standing to assert the privacy rights of those would purchase his obscene materials, it does not offer a serious argument to rebut standing. The Supreme Court has consistently upheld the standing of vendors to challenge the constitutionality of statutes on their customers' behalf where those statutes are directed at the activity of the vendors. See, e.g., Carey v. Population Services International, 431 U.S. 678, 682-84 (1977) (holding that a mail-order seller of non-medical contraceptives had standing to argue that a state statute prohibiting the distribution of non-medical contraceptives violated its customers' substantive due process rights to use such contraceptives); Craig v. Boren, 429 U.S. 190, 195 (1976) (holding that a beer seller had standing to challenge a state statute on behalf of certain underage customers); see also United States v. Extreme Assocs., Inc., 431 F.3d 150, 155 (3d Cir. 2005)(holding that vendor of obscene materials had standing to challenge federal obscenity statute on behalf of customers).

5

Film, 413 U.S. 123 (1973), United States v. Orito, 413 U.S. 139 (1973), and Paris Adult Theatre I v. Slaton, 413 U.S. 49 (1973), were decided solely on First Amendment Ground, rather than on privacy grounds under the Substantive Due Process Clause. Coil relies heavily on the reasoning of an opinion of the United States District Court for the Western District of Pennsylvania, since reversed, holding that § 1465 affects the fundamental rights of privacy and free speech under the First and Fifth Amendment, and that, after Lawrence, the government lacks any compelling interest in regulating the distribution of obscene materials to consenting adults. United States v. Extreme Assocs., 352 F. Supp. 2d 578, 595-96 (W.D. Pa. 2005), rev'd, 431 F.3d 150 (3d Cir. 2005).

As Coil concedes, because he failed to raise this issue in the district court, review is for plain error. See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1420 (5th Cir. 1996) (en banc); see also United States v. Knowles, 29 F.3d 947, 950 (5th Cir. 1994) (review is for plain error when defendant fails to raise a constitutional challenge to a penal statute in the district court). To establish plain error, Coil must show that (1) there is an error, (2) the error is clear or obvious, and (3) the error affects his substantial rights. See United States v. Olano, 507 U.S. 725, 731-37 (1993). A conviction based upon an

6

unconstitutional statute is both "plain" and "error." Knowles, 29 F.3d at 951.

The Third Circuit addressed precisely the argument proffered by Coil when it reversed the decision upon which Coil primarily relies. See United States v. Extreme Assocs., 431 F.3d 150, 155-59 (3d Cir. 2005). Our sister circuit's conclusion rested in relevant part on two points.

First, we are commanded by the Supreme Court that "[i]f a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions." Rodriguez de Quijas v. Shearson/American Express Inc., 490 U.S. 477, 484 (1989). The Court reaffirmed this command in Agostini v. Felton, 521 U.S. 203, 237 (1997), stating, "[w]e do not acknowledge, and we do not hold, that other courts should conclude our more recent cases have, by implication, overruled an earlier precedent."

The Fifth Circuit has consistently followed the Supreme Court's admonition in Rodriguez and Agostini. See, e.g., Singer v. City of Waco, 324 F.3d 813, 817-18 (5th Cir. 2003), rehearing and rehearing en banc denied, 67 Fed. Appx. 250 (5th Cir. Apr 22, 2003), and cert. denied, 540 U.S. 1177 (2004); U.S. v. Rodriguez-

7

<u>Montelongo</u>, 263 F.3d 429, 434-35 (5th Cir. 2001); <u>Randell v. Johnson</u>, 227 F.3d 300, 301 (5th Cir. 2000), <u>cert. denied</u>, 532 U.S. 971 (2001).  We apply the same rule to Coil's claim.

Second, the Supreme Court has consistently and explicitly upheld the constitutionality of federal statutes regulating the distribution of obscenity in cases following Stanley.  <u>See</u> <u>Reidel</u>, 402 U.S. at 351; <u>Thirty-Seven Photographs</u>, 402 U.S. at 363; <u>Orito</u>, 413 U.S. at 139; <u>12 200-Ft. Reels</u>, 413 U.S. at 123.  The Court has stated clearly that the right recognized in <u>Stanley</u> to possess obscene material within the home "does not mean" that there is a correlative right to distribute that material, <u>Thirty-Seven Photographs</u>, 402 U.S. at 376, and that it "does not require" the Court to fashion a right to distribute, <u>Reidel</u>, 402 U.S. at 356.

The Court most emphatically rejected Coil's theory in <u>Paris Adult Theatre</u>, where it concluded:

> If obscene material ... carried with it a 'penumbra' of constitutionally protected privacy, this Court would not have found it necessary to decide <u>Stanley</u> on the narrow basis of the 'privacy of the home,' which was hardly more than a reaffirmation that a man's home is his castle....  Moreover, we have declined to equate the privacy of the home relied on in <u>Stanley</u> with a 'zone' of 'privacy' that follows a distributor or a consumer of obscene materials wherever he goes.

<u>Paris Adult Theatre</u>, 413 U.S. at 66.  Finally, the Court indicated it had "reaffirmed [its] holding" that "commerce in

obscene material is unprotected by any constitutional doctrine of privacy." Id. at 69.

In the absence of a contrary ruling from the Supreme Court, Stanley's progeny upholding the constitutionality of the obscenity laws against attacks based on both the First Amendment and substantive due process controls our resolution of Coil's claims. We agree with the Third Circuit that the Supreme Court's decision in Lawrence does not render § 1465 unconstitutional, and we therefore affirm his conviction.

CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED.