COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-092-CR

 

 

EX PARTE

                                                                                                        



VALERIA
JOYCE DAVE

                                                                                                        

 

                                              ------------

 

        FROM
COUNTY CRIMINAL COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

Appellant Valeria Joyce Dave
appeals the trial court=s order
denying her application for writ of habeas corpus on the ground that the
misdemeanor obscenity statute under which she is charged in the underlying case
is facially unconstitutional.  We affirm.








Appellant is an employee of
Dreamer=s, a sexually-oriented business in Kennedale, Texas.  No one under the age of eighteen is allowed
on the premises, and Dreamer=s offers no on-premises entertainment. 
Instead, its customers may purchase videotapes and DVDs for off-premises
viewing only.  The State alleges that
appellant sold two videotapes containing obscene materials to two different
undercover police officers.  Thereafter,
appellant was charged with two counts of promoting obscenity. 

Section 43.23 of the Texas
Penal Code provides that a person commits an offense if, knowing its content
and character, she Apromotes or
possesses with intent to promote any obscene material or obscene device.@[1]








In her issue on appeal,
appellant argues that the trial court improperly denied her request for habeas
relief because section 43.23 unconstitutionally restricts the right of privacy
embodied in the Due Process Clause of the Fourteenth Amendment.[2]  Appellant contends that the First Amendment
protects an individual=s right to
privately possess and view obscene materials, and the Fourteenth Amendment
protects a merchant=s right to
sell those materials at a sexually-oriented business such as Dreamer=s, where no one under age eighteen is allowed in the store, and the
materials sold there are not viewed on the premises.  Appellant further contends that these rights
are fundamental constitutional rights. 








A criminal defendant may
challenge the facial constitutionality of a statute via a pretrial application
for writ of habeas corpus.[3]  When we are confronted with an attack on the
constitutionality of a statute, we presume that the statute is valid and that
the legislature has not acted unreasonably or arbitrarily.[4]   The burden rests on the individual who
challenges the statute to establish its unconstitutionality.[5]

A facial challenge to a
statute is the most difficult challenge to mount successfully because the
challenger must establish that no set of circumstances exists under which the
statute will be valid.[6]  Since a statute may be valid as applied to
one set of facts and invalid as applied to another, the challenger must first
show that the statute is unconstitutional as applied to her in her situation.[7]  That the statute may be unconstitutional as
applied to others is insufficient to support a facial challenge.[8]








State statutes designed to
regulate obscene material must be carefully limited,[9]
because the First and Fourteenth Amendments prohibit making an individual=s private possession of obscene material a crime.[10]  Obscene material itself, however, is not
protected by the First Amendment.[11]  Thus, the constitutionally-protected right to
possess obscene material in the privacy of one=s home does not give rise to a correlative right to sell or give it to
others,[12]
nor does it require the courts to fashion or recognize a right to distribute
such material.[13]













Indeed, Acommerce in obscene material is unprotected by any constitutional
doctrine of privacy.@[14]   Consequently, the Supreme
Court has held that Athe States
have a legitimate interest in regulating commerce in obscene material@[15] and has consistently and explicitly upheld the constitutionality of
statutes regulating the distribution of obscenity.[16]  Legitimate state interests include Astemming the tide of commercialized obscenity@[17] in order to protect the public quality of life, the community
environment, and the social interest in order and morality.[18]  An obscenity statute is constitutional if it
is rationally related to the government=s advancement of these interests.[19]








In this case, the protection
of these interests is at stake, even though Dreamer=s has safeguards in place to protect against exposure to juveniles and
passersby.[20]  Allowing the sale of obscene material would
adversely affect the public quality of life by creating the potential for
widespread dissemination of obscene material into the community.[21]  Further, once the material leaves Dreamer=s premises, there is no way to ensure that it will, as appellant
suggests, be viewed only by a consenting adult in the privacy of his home.  Instead, there is a very real danger that it
could be given to or viewed by a juvenile or a nonconsenting adult.[22]  The States may regulate based on the natural
tendency that obscene material kept in a private area will not remain so once
it leaves that area.[23]








Appellant recognizes these
well-established authorities, but argues that they address only challenges
brought under the First Amendment and not under the Due Process Clause of the
Fourteenth Amendment.  We disagree.  The Supreme Court in Paris Adult Theatre I
addressed the scope of the right to privacy guaranteed by the Fourteenth
Amendment and concluded that it does not protect the sale or other distribution
of obscene material.[24]  In light of this clear pronouncement, we hold
that the sale of obscene material is not protected by the Due Process Clause of
the Fourteenth Amendment.[25]

Appellant also argues that,
since Paris Adult Theatre I, Orito, and Reidel were
decided, the Supreme Court has, in Lawrence v. Texas,[26]
expanded the right to privacy embodied in the Due Process Clause of the
Fourteenth Amendment Ainto the
public sphere of commercial transactions between consenting adults.@  Lawrence did not,
however, involve the sale or distribution of obscene materials, and it is
completely inapposite to this case.  It
holds only that the right to liberty embodied in the Due Process Clause
protects private, consensual sexual conduct between homosexuals from
governmental intrusion.[27]  Further, appellant=s argument is directly contradicted by Lawrence itself,
which expressly states that this right Adoes not involve public conduct.@[28]








Morever, the Supreme Court
has commanded, A[i]f a
precedent of this court has direct application in a case, yet appears to rest
on reasons rejected in some other line of decisions, the Court of Appeals
should follow the case which directly controls, leaving to this Court the
prerogative of overruling its own decisions.@[29]  The Court later reaffirmed
this command, stating, AWe do not
acknowledge, and we do not hold, that other courts should conclude our more
recent cases have, by implication, overruled an earlier precedent.@[30]








In Paris Adult Theatre I,
the Supreme Court upheld as constitutional a Georgia obscenity statute
virtually identical to the Texas obscenity statute at issue here.[31]  The Supreme Court has also held that States
may prohibit the sale of obscenity in order to protect the public quality of
life and the social interest in order and morality.[32]  This Supreme Court precedent has direct
application to appellant=s case and
has not been overruled by Lawrence or any other Supreme Court
decision.  Therefore, we decline to hold
section 43.23 unconstitutional based on Lawrence.[33]








For all these reasons, we
hold that there is no constitutionally-protected right, under either the First
or the Fourteenth Amendment, to sell obscene material,[34]
and that the State has a legitimate interest in regulating  commerce in obscene material.  We further hold that section 43.23, which
prohibits the sale of obscene material, is rationally related to the government=s advancement of this legitimate interest.  Accordingly, section 43.23 is both facially
constitutional and constitutional as applied to appellant.  Therefore, we overrule appellant=s issue and affirm the trial court=s order denying habeas relief.

 

 

JOHN CAYCE

CHIEF JUSTICE

 

PANEL
A:  CAYCE, C.J.; DAUPHINOT and WALKER,
JJ.    

 

PUBLISH

 

DELIVERED:  February 22, 2007

 

 











[1]Tex. Penal Code Ann. '
43.23(c)(1) (Vernon Supp. 2006).  APromote@
includes selling or offering or agreeing to sell.  Id. '
43.21(a)(5) (Vernon 2003).  AObscene@
means material that

 

(A)
the average person, applying contemporary community standards, would find that
taken as a whole appeals to the prurient interest in sex;

 

(B)
depicts or describes:

(i)
patently offensive representations or descriptions of ultimate sexual acts,
normal or perverted, actual or simulated, including sexual intercourse, sodomy,
and sexual bestiality; or

(ii)
patently offensive representations or descriptions of masturbation, excretory
functions, sadism, masochism, lewd exhibition of the genitals, the male or
female genitals in a state of sexual stimulation or arousal, covered male
genitals in a discernibly turgid state or a device designed and marketed as
useful primarily for stimulation of the human genital organs; and

 

(C) taken as a whole, lacks serious
literary, artistic, political, and scientific value.  Id. '
43.21(a)(1).





[2]ANo
State shall . . . deprive any person of life, liberty, or property, without due
process of law[.]@  U.S.
Const., amend. XIV, ' 1.





[3]Ex
parte Weise, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001).





[4]Rodriguez
v. State, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002).





[5]Id.





[6]Santikos
v. State, 836 S.W.2d 631, 633 (Tex. Crim. App.), cert.
denied, 506 U.S. 999 (1992); Butler v. State, 162 S.W.3d 727, 731
(Tex. App.CFort
Worth 2005), aff=d, 189
S.W.3d 299 (2006); see Gillenwaters v. State, 205 S.W.3d 534, 536 n.2
(Tex. Crim. App. 2006) (AA
claim that a statute is unconstitutional >on its face= is a
claim that the statute, by its terms, always operates unconstitutionally.@)
(quoting Tex. Boll Weevil Eradication Found. v. Lewellen, 952 S.W.2d
454, 461 n.5 (Tex. 1997)).





[7]Santikos, 836
S.W.2d at 633.





[8]Id.; Butler,
162 S.W.3d at 731.





[9]Miller
v. California, 413 U.S. 15, 23-24, 93 S. Ct. 2607, 2614 (1973).





[10]Stanley
v. Georgia, 394 U.S. 557, 568, 89 S. Ct. 1243, 1249 (1969).





[11]Paris
Adult Theatre I v. Slaton, 413 U.S. 49, 69, 93 S. Ct. 2628, 2641
(1973); Roth v. United States, 354 U.S. 476, 486, 77 S. Ct. 1304, 1309
(1957); see Miller, 413 U.S. at 23, 93 S. Ct. at 2614 (AThis
much has been categorically settled by the Court, that obscene material is
unprotected by the First Amendment.@).





[12]United
States v. 12 200-Ft. Reels of Super 8mm. Film, 413
U.S. 123, 128, 93 S. Ct. 2665, 2669 (1973); United States v. Thirty-Seven
(37) Photographs, 402 U.S. 363, 376, 91 S. Ct. 1400, 1408 (1971); United
States v. Coil, 442 F.3d 912, 916 (5th Cir. 2006), petition for cert.
filed, 75 U.S.L.W. 3397 (U.S. June 12, 2006) (No. 06-980); see also T.K.=s
Video, Inc. v. State, 891 S.W.2d 287, 289 (Tex. App.CFort
Worth 1994, pet. ref=d)
(holding that, while an individual has a right to possess obscene material in
the privacy of his home, there is no corresponding privacy right to purchase
such material).





[13]United
States v. Reidel, 402 U.S. 351, 356, 91 S. Ct.
1410, 1412-13 (1971); Coil, 442 F.3d at 916.





[14]Paris
Adult Theatre I, 413 U.S. at 69, 93 S. Ct. at 2642.





[15]Id., 93
S. Ct. at 2642.





[16]See United
States v. Orito, 413 U.S. 139, 140, 143, 93 S. Ct. 2674, 2676, 2678 (1973)
(upholding the constitutionality of a federal statute criminalizing the
knowing, interstate transportation of obscene material, even if the
transportation is by private carriage or intended for the transporter=s
private use); 12 200-Ft. Reels of Super 8mm. Film, 413 U.S. at 129, 93
S. Ct. at 2669 (upholding the constitutionality of a federal statute
prohibiting the importation of obscene material, even if it is for the importer=s
private, personal use and possession); Thirty-Seven (37) Photographs,
402 U.S. at 376, 91 S. Ct. at 1408 (same, but in circumstances involving both
intended private use and public distribution); Paris Adult Theatre I,
413 U.S. at 69, 93 S. Ct. at 2642 (upholding the constitutionality of a Georgia
statute prohibiting the knowing distribution of obscene material at an Aadult@
movie theater); Reidel, 402 U.S. at 352, 91 S. Ct. at 1411 (upholding
the constitutionality of a federal statute that prohibits the mailing of
obscene material to willing recipients who state they are adults).





[17]Paris
Adult Theatre I, 413 U.S. at 57, 93 S. Ct. at 2635.





[18]Id. at
57-58, 93 S. Ct. at 2635; Roth, 354 U.S. at 485, 77 S. Ct. at 1309; Yorko
v. State, 690 S.W.2d 260, 265-66 (Tex. Crim. App. 1985).  The State laws must meet the First Amendment
standards set out in Miller v. California, which holds that the
prohibited conduct must be specifically defined and a state offense must be
limited to works Awhich,
taken as a whole, appeal to the prurient interest in sex, which portray sexual
conduct in a patently offensive way, and which, taken as a whole, do not have
serious literary, artistic, political, or scientific value.@  413 U.S. at 24, 93 S. Ct. at 2615; see
Paris Adult Theatre I, 413 U.S. at 69, 93 S. Ct. at 2642 (holding
same).  Appellant does not argue that the
Texas obscenity statuteCwhich
tracks the language in MillerCfails to meet these
standards.  See supra n.1.





[19]Vacco
v. Quill, 521 U.S. 793, 809, 117 S. Ct. 2293, 2302 (1997);
United States v. Extreme Assocs., Inc., 431 F.3d 150, 153 n.7 (3rd Cir.
2005), cert. denied, 126 S. Ct. 2048 (2006).





[20]See
Paris Adult Theatre I, 413 U.S. at 57, 93 S. Ct. at 2635 (Acategorically
disapprov[ing] the theory . . . that obscene pornographic films require
constitutional immunity from state regulation simply because they are exhibited
for consenting adults only@).  We reject appellant=s
argument that Dreamer=s is
a private, rather than public, place simply because no one under eighteen is
allowed in the store and none of the material it sells can be viewed on the
premises.  Dreamer=s is
a commercial establishment open to the public, and any person over age eighteen
who so desires can purchase obscene material there. 





[21]AEven
supposing that each of us can, if he wishes, effectively avert the eye and stop
the ear (which, in truth, we cannot), what is commonly read and seen and heard
and done intrudes upon us all, want it or not.@  Id. at 59, 93 S. Ct. at 2636.





[22]See id. at
57-58 n.7, 93 S. Ct. at 2635 n.7 (stating that the legitimate interest in
preventing juvenile exposure to material sold at Aadult@
bookstores cannot be fully served by barring juveniles from the premises, based
on studies showing that, although most pornography may be bought by adults,
adolescent males and females and young adult males were Athe
heavy users and most highly exposed@).





[23]Orito, 413
U.S. at 143, 93 S. Ct. at 2678.





[24]Paris
Adult Theatre I, 413 U.S. at 65, 93 S. Ct. at 2639 (AOur
prior decisions recognizing a right to privacy under the Fourteenth
Amendment included only personal rights that can be deemed
fundamental or implicit in the concept of ordered liberty.@)
(emphasis supplied, citations omitted); id. at 69, 93 S. Ct. at 2642 (AWe
have also reaffirmed . . . that commerce in obscene material is unprotected by
any constitutional doctrine of privacy.@) (citing Orito, 413
U.S. at 143, 93 S. Ct. at 2678; 12 200-Ft. Reels of Super 8mm. Film, 413
U.S. at 129, 93 S. Ct. at 2669; Reidel, 402 U.S. at 356, 91 S. Ct. at
1412-13; Thirty-Seven (37) Photographs, 402 U.S. at 376, 91 S. Ct. at
1408).





[25]See
Coil, 442 F.3d at 917 (stating that Stanley and its progeny,
including Paris Adult Theatre I, Auphold[] the
constitutionality of the obscenity laws against attacks on both the First
Amendment and substantive due process@); Extreme Assocs., Inc.,
431 F.3d at 157 (rejecting the argument that Paris Adult Theatre I, Orito,
and Reidel dealt only with a First, and not a Fourteenth, Amendment
concept of privacy merely because the phrase Asubstantive
due process@ was
not used in their holdings).





[26]539
U.S. 558, 123 S. Ct. 2472 (2003).





[27]Id. at
578, 123 S. Ct. at 2483-84 (holding unconstitutional the Texas statute
criminalizing deviate sexual intercourse with another individual of the same
sex).





[28]Id., 123
S. Ct. at 2484.





[29]Rodriguez
de Quijas v. Shearson/Am. Express, Inc., 490 U.S. 477, 484, 109 S.
Ct. 1917, 1921-22 (1989).





[30]Agostini
v. Felton, 521 U.S. 203, 237, 117 S. Ct. 1997, 2017 (1997).





[31]The
Georgia statute provided as follows:

 

A
person commits the offense of distributing obscene materials when he sells,
lends, rents, leases, gives, advertises, publishes, exhibits or otherwise
disseminates to any person any obscene material of any description, knowing the
obscene nature thereof, or who offers to do so, or who possesses such material
with intent so to do . . . .

 

See Paris Adult Theatre I, 413
U.S. at 51 n.1, 93 S. Ct. at 2632 n.1.

 

The Texas obscenity statute provides in pertinent part as
follows:  AA
person commits an offense if, knowing its content and character, he: (1)
promotes or possesses with intent to promote any obscene material . . . .@  Tex.
Penal Code Ann. '
43.23(c)(1).  APromote@
means Ato
manufacture, issue, sell, give, provide, lend, mail, deliver, transfer,
transmit, publish, distribute, circulate, disseminate, present, exhibit, or
advertise, or to offer or agree to do the same.@  Id. '
43.21(a)(5).





[32]Paris
Adult Theatre I, 413 U.S. at 57-58, 93 S. Ct. at 2635; Roth,
354 U.S. at 485, 77 S. Ct. at 1309.  AThere
is a >right
of the Nation and of the States to maintain a decent society . . . .=@  Paris Adult Theatre I, 413 U.S. at 59, 93
S. Ct. at 2636; see also Yorko, 690 S.W.2d at 265 (holding, based on Paris
Adult Theatre I and Roth, that it is Aappropriate
for the State to act to protect the >social interest in order and
morality= or >decency=@);
Extreme Assocs., Inc., 431 F.3d at 154, 159 n.12 (rejecting the argument
that prohibiting commerce in obscene material to uphold the public sense of
morality is not a legitimate state interest after Lawrence).





[33]See
Coil, 442 F.3d at 916-17; Extreme Assocs., Inc., 431 F.3d at 155-58
(both refusing, based on Rodriguez de Quijas and Agostini, to
apply Lawrence to overrule well-established federal case law upholding
the constitutionality of statutes regulating the distribution of obscenity).





[34]Because
there is no constitutional right to sell obscene material, appellant=s
argument that such a right is Afundamental@
fails.