# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 17, 2009

Charles R. Fulbruge III
Clerk

No. 09-40225
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE SANTOS HERNANDEZ-MUNIZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:08-CR-455-1

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Santos Hernandez-Muniz appeals the 65-month sentence imposed following his guilty plea conviction for transportation of an alien in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (v)(ii). Hernandez-Muniz was sentenced to a concurrent term of 65 months in prison in connection with his guilty plea to illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b).

Because Hernandez-Muniz failed to raise his challenge to his sentence before the district court, our review is for plain error. To show plain error,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hernandez-Muniz must show an error that is clear or obvious and that affects his substantial rights. *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009); *see Puckett v. United States*, 129 S. Ct. 1423, 1428 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Baker*, 538 F.3d at 332.

The maximum term of imprisonment allowed for a violation of §1324(a)(1)(A)(ii) and (v)(ii) is five years. The presentence report mistakenly stated that the statutory maximum was 10 years of imprisonment. As the Government concedes, Hernandez-Muniz's sentence of 65 months of imprisonment for transporting an alien exceeds the 60-month maximum and constitutes plain error that affects his substantial rights and affects the fairness, integrity, and public reputation of the judicial proceedings. *See United States v. Coil,* 442 F.3d 912, 914 (5th Cir. 2006). Accordingly, we modify the term of imprisonment imposed for Hernandez-Muniz's conviction for violating § 1324(a)(1)(A)(ii) and (v)(ii) to 60 months. *See United States v. De Jesus-Batres*, 410 F.3d 154, 164 (5th Cir. 2005). The modification does not affect the overall term of imprisonment because Hernandez-Muniz's concurrent sentence for his illegal reentry conviction exceeds the modified sentence for his violation of § 1324(a)(1)(A)(ii) and (v)(ii). *See id*.

MODIFIED IN PART; AFFIRMED AS MODIFIED.