# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 13, 2010

No. 07-60830
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL STARNES, also known as Little Mike,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:02-CR-95-1

Before JOLLY, BARKSDALE, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

In 2003, through a jury trial, Michael Starnes was convicted of various weapons and drug-related offenses; he successfully appealed his sentence in the light of *United States v. Booker*, 543 U.S. 220 (2005) (Sentencing Guidelines held to be only advisory). *See United States v. Starnes*, 157 F. App'x 687 (5th Cir. 2005). He now challenges the 50-year total term of imprisonment imposed on remand (30-year term for possessing firearms (including a machinegun) in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

furtherance of a drug-trafficking crime (count five), to be served consecutively to concurrent 20-year terms for each of the remaining offenses).

Starnes contends the district court erred in declining to reconsider the drug-quantity calculation used in determining his sentences. Because Starnes did not challenge the district court's drug-quantity calculation in his initial appeal, he waived this issue. *United States v. Griffith*, 522 F.3d 607, 609-10 (5th Cir.), *cert. denied*, *Martin v. United States*, 129 S. Ct. 211 (2008). Recalculation of the drug quantity, therefore, would have been beyond the scope of our court's mandate. *See United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004); *see also United States v. Pineiro*, 470 F.3d 200, 206-07 (5th Cir. 2006) (holding district court exceeds scope of mandate if it recalculates guidelines range on remand for post-*Booker* resentencing under an advisory guidelines regime). Starnes has not shown his request for drug-quantity recalculation falls within any exception to the mandate rule. *Pineiro*, 470 F.3d at 205-06. The district court did not err in declining to reconsider the issue.

On the other hand, we hold *sua sponte*, *see* Federal Rule of Criminal Procedure 52(b); *see also United States v. McWaine*, 290 F.3d 269, 277 n.8 (5th Cir. 2002), that the district court erred in imposing sentences for counts two, four, and eight that exceeded the statutory maximum. In counts two and eight, Starnes was charged with conspiring to possess with intent to distribute and possessing with intent to distribute marijuana; the statutory maximum for each of those offenses is five years' imprisonment. *See* 21 U.S.C. § 841(a), (b)(1)(D). In count four, Starnes was charged with possessing an unregistered firearm; the statutory maximum for that offense is ten years' imprisonment. *See* 26 U.S.C. §§ 5845(b), 5861(d), & 5871. Starnes was sentenced, however, to 20-year terms of imprisonment for *each* of these counts.

Those three sentences constitute plain error that affects not only Starnes' substantial rights, but also the fairness, integrity, and public reputation of the judicial proceedings. *See Puckett v. United States*, 129 S. Ct. 1423, 1428 (2009);

2

*United States v. Coil,* 442 F.3d 912, 914 (5th Cir. 2006).  Accordingly,  Starnes' sentences are MODIFIED for counts two, four, and eight, so that, for those counts, Starnes must serve five-, ten-, and five-year terms of imprisonment, respectively.  *See United States v. De Jesus-Batres*, 410 F.3d 154, 164 (5th Cir. 2005).  This modification does not affect Starnes' total term of imprisonment, however, because his concurrent sentences for his remaining charges exceed the three modified sentences.  *See id.*

AFFIRMED AS MODIFIED.  This matter is remanded to district court for entry of judgment consistent with this opinion.