# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10076

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

EDGAR DALMIRA DIAZ,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

April 8, 2016

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-248

Before ELROD, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:*

Edgar Dalmira Diaz appeals his sentence following his guilty-plea conviction for malicious use of explosive materials. Diaz challenges the district court's denial of the Government's motion for a U.S.S.G. § 5K1.1 downward departure based on Diaz's substantial assistance to authorities. Finding no error, we **AFFIRM** the district court's judgment.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10076

Diaz contends, under our precedent, that the district court erred in denying the § 5K1.1 motion by considering the severity of his offense rather than considering factors related to his substantial assistance to the Government. *See United States v. Desselle*, 450 F.3d 179 (5th Cir. 2006). These arguments were not asserted by Diaz before the district court; therefore, plain-error review is appropriate. *See United States v. Izaguirre-Losoya*, 219 F.3d 437, 441 (5th Cir. 2000). To establish plain error, a defendant must show that "(1) there is an error, (2) the error is clear or obvious, and (3) the error affects his substantial rights." *United States v. Coil*, 442 F.3d 912, 916 (5th Cir. 2006). If those three conditions are satisfied, this court may grant relief if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

Diaz has not shown that the district court committed plain error in denying the motion. The plain language of U.S.S.G. § 5K1.1 states, first, that the court may depart from the guidelines. If the district court finds departure warranted, the guideline subsequently instructs that the district court's reasons for determining the appropriate reduction under the guideline may include consideration of the five enumerated factors. U.S.S.G. § 5K1.1(a). The parties dispute whether a district court's initial decision whether to depart is guided by the five enumerated factors. We need not decide that question, however, because assuming those assistance-based factors must be considered, the district court did consider them here.

While Diaz urges us to find that the district court focused *only* on his crime—as opposed to focusing on *any* of § 5K1.1's enumerated factors—we cannot; the record simply offers no support for his argument. Instead, the transcript of Diaz's sentencing hearing demonstrates that before denying the Government's motion for downward departure, the district court did in fact consider the nature, extent, and significance of his assistance to authorities in

No. 15-10076

this case. *See* U.S.S.G. § 5K1.1, comment (backg'd); *United States v. Johnson*, 33 F.3d 8, 9 (5th Cir.1994). In fact, the district court considered Diaz's assistance to the Government on at least three occasions during the sentencing hearing. In one of those instances, the district court provided the following explanation:

> I think, as [Diaz's Counsel] always does, she has put forth the most eloquent argument for why I should consider [the § 5K1.1 motion]. . . . I'm going to deny the government's request for substantial assistance. I don't think I see it in this case. I know you were cooperative from the beginning and perhaps –
>
> . . . .
>
> I don't think substantial assistance is appropriate. . . . [R]ight now I will deny the motion for substantial assistance under the circumstances. The appropriate sentence in this case, Mr. Diaz, under all of the circumstance[s], regardless of the government's position that it was an aberrant situation that in their view you substantially assisted them, none of that outweighs the damage here and the harm that you caused to all these other people and the amount of money that's been incurred by virtue of your actions for restitution, $1.5 million. So in my view, the Court's view, the only appropriate sentence in this case to carry out the purposes of our sentencing statute is the minimum which is the 60 months in prison.

Thus, it is clear from the record that the district court did not err, plainly or otherwise. The district court's judgment is therefore affirmed.

**AFFIRMED.**