# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11090
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 30, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BERTULIO MORENO-ALAVAREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:17-CR-24-1

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:*

Bertulio Moreno-Alvarez appeals the 48-month above-guidelines sentence imposed in connection with his conviction for possession of a firearm by an illegal alien, in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2). He challenges the substantive reasonableness of his sentence, arguing that the district court gave undue weight to his prior criminal history and did not give sufficient weight to his family circumstances.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-11090

In reviewing a non-guidelines sentence for substantive reasonableness, we consider "the totality of the circumstances, including the extent of any variance from the Guidelines range, to determine whether as a matter of substance, the sentencing factors in section 3553(a) support the sentence." *United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012) (internal quotation marks and citation omitted). While the district court commented on Moreno-Alvarez's criminal history, the court also noted that Moreno-Alvarez had been removed from the United States on four occasions and continued to enter the country illegally. The district court heard Moreno-Alvarez's reasons for wishing to return to El Salvador. However, the record reflects that the district court was not persuaded and that it relied on permissible 18 U.S.C. § 3553(a) factors in determining that an above-guidelines sentence was appropriate, including the history and characteristics of Moreno-Alvarez, the nature and circumstances of the offense, the need to promote respect for the law, the need to provide adequate deterrence, and the need to protect the public from further crimes. Thus, the decision to vary above the advisory guidelines range was based on permissible factors that advanced the objectives set forth in § 3553(a). *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006).

Additionally, although the 48-month sentence is twice the top of the guidelines range, we have upheld much greater variances. S*ee, e.g., United States v. Key*, 599 F.3d 469, 475-76 (5th Cir. 2010); *United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008). Based on the totality of the circumstances, including the significant deference that is due to a district court's consideration of the § 3553(a) factors, the sentence imposed was reasonable. *See Gerezano-Rosales*, 692 F.3d at 400.

Moreno-Alvarez also challenges the statute of conviction, arguing that it violates the Second Amendment and the Fifth Amendment's Due Process

No. 17-11090

Clause with respect to his equal protection rights.  Because he did not raise these arguments in the district court, we review for plain error.  S*ee Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Coil*, 442 F.3d 912, 915-16 (5th Cir. 2006).  Moreno-Alvarez fails to show plain error.  *See Puckett*, 536 U.S. at 135; *United States v. Portillo-Munoz*, 643 F.3d 437, 440-42 & n.4 (5th Cir. 2011); *United States v. Mirza*, 454 F. App'x at 249, 258-59 (5th Cir. 2011).

Accordingly, the judgment of the district court is AFFIRMED.