James GOODWIN, Appellant,

v.

The STATE of Texas, Appellee.

Mary Jean GOODWIN, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 47031 and 47032.

Court of Criminal Appeals of Texas.

Oct. 23, 1974.

Rehearing Denied Nov. 13, 1974.

---

Mike Aranson and Tony Kaufman, Dallas, for appellant.

Henry Wade, Dist. Atty., and W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

These appeals were originally abated because of a lack of evidence showing that proper notice of appeal was given. Such

evidence having now been produced, the appeals will be considered on their merits.

The appellants, James and Mary Goodwin, were convicted of the offense of distributing obscene matter. Each was sentenced to a fine of $250.00 and six months' confinement (probated) in the Dallas County jail.

The statement of facts indicates that on March 25, 1971, W. H. Wilburn, a detective of the Dallas police department, entered the newsstand operated by the appellants and purchased the publications which were the basis for these prosecutions. Thereafter, a warrant was secured for the appellants' arrest.

The appellants' first ground of error urges that the prosecution of this alleged offense deprived them of their rights, under the First and Fourteenth Amendments to the Constitution of the United States, to privately possess obscene material.

In support of this contention, the appellants rely basically upon the decision of the United States Supreme Court in Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969). It was stipulated at trial that these magazines were kept in an isolated "Adult Only" section of the shop, to which persons under twenty-one years of age were denied entry. The appellants' position is, however, without merit. A similar contention was raised, and exhaustively discussed in Paris Adult Theater I v. Slaton, 413 U.S. 49, 93 S.Ct. 2628, 37 L.Ed.2d 446 (1973), and in our recent opinion in Soto v. State, Tex.Cr.App., 513 S.W.2d 931 (delivered February 27, 1974). In both, it was recognized that the holding of Stanley v. Georgia, supra, is a limited one, based on the concept of "privacy in the home," and that this concept cannot be equated with a "zone" of privacy which would surround the purveyor and consumer of obscene materials. See Paris Adult Theater I v. Slaton, supra. The record is clear that, at least to some extent, the appellants were "doing business in obscenity," and in that capacity they cannot claim the protection of the First Amend-

ment. See Soto v. State, supra, and cases there cited. The right to privately possess such materials is simply not at issue when they are offered for sale to the public.

The appellants also contend that they have been denied a judicial determination of the issue of the obscenity of the publications: (a) at an adversary hearing prior to the issuance of the arrest warrants; (b) at any time prior to their trials; and (c) at their trials.

With respect to contentions (a) and (b), the appellants ask this Court to extend the protection of a prior adversary hearing to this fact situation in which single copies of the materials in question were *purchased,* not seized. The appellants misconstrue the purpose of such a hearing, which is imposed not to protect a person from involvement in criminal proceedings, but to prevent the occurrence of a prior restraint on communication. See Marcus v. Search Warrant, 367 U.S. 717, 81 S.Ct. 1708, 6 L.Ed.2d 1127 (1961). Such a prior restraint occurs when all copies of an item are seized, thereby denying the purveyor the opportunity to distribute it and denying the public the opportunity of it. See A Quantity of Books v. Kansas, 378 U.S. 205, 84 S.Ct. 1723, 12 L.Ed.2d 809 (1964). That is not the situation in the instant case, where only one copy of each of the allegedly obscene publications was taken, after being properly purchased. The remainder of each of the works continued to be available to the public. Thus, there was no restraint on the dissemination of the publications.

As to appellants' position that the warrant for their arrest could not issue on a mere *ex parte* hearing, such a contention was dealt with and disposed of in Bryers v. State, 480 S.W.2d 712 (Tex.Cr.App. 1972). There, it was contended that an adversary hearing was required prior to any initiation of criminal proceedings dealing with obscene material. This Court held against such a position, so long as the normal requirements of probable cause were met. See Bryers v. State, supra.

■ Appellants' contention that there was no determination of the obscenity of the publications at the trial is without merit. Although the special verdict required by Art. 527, Sec. 7, Vernon's P.C., does not appear as a separate document in the record, the transcript of testimony shows that the court expressly found each magazine to be obscene, in a manner consistent with that prescribed by Art. 527, supra.

■ Appellants' third ground of error challenges the sufficiency of the evidence. Appellants do not raise the issue of whether the publications are obscene as a matter of law, but contend that the State did not offer proper expert testimony on the elements of the obscenity question. We need not reach appellants' contentions that the State's witness (whose testimony was stipulated) was not qualified to give expert testimony, since such testimony is not required. See Paris Adult Theater I v. Slaton, supra, and West v. State, Tex.Cr.App., 514 S.W.2d 433 (No. 45,090, opinion on remand from the United States Supreme Court, delivered February 13, 1974). It is sufficient if the materials themselves are introduced into evidence, as they were here.

Appellants' contention that the court cannot find the material obscene when the State has offered no expert evidence and the defense has presented expert testimony as to its non-obscenity was discussed in Kaplan v. California, 413 U.S. 115, 93 S. Ct. 2680, 37 L.Ed.2d 492 (1973). There, the United States Supreme Court clearly stated that the materials themselves are sufficient for the determination even though the defense has introduced countervailing testimony.

Appellants have filed a supplemental brief in which they raise a contention based on the decision of the United States Supreme Court in Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). It is urged that the statute under which they were prosecuted (Art. 527, V.

A.P.C.) was not sufficiently specific, as required by the decision in Miller v. California, supra, and that as a result they were *not on notice that they might suffer criminal liability for their action.*

■ With regard to this contention, we refer appellants to our recent decision on appellant's motion for rehearing in West v. State, Tex.Cr.App., 514 S.W.2d 433 (delivered April 9, 1974). There, we discussed extensively the question of the specificity of construction given to Art. 527, supra, and concluded that prior decisions in this State had construed the statute with sufficient specificity to cure the potential vagueness inherent in it. See West v. State, supra, on rehearing and cases there cited.

The material in the instant case, containing photographs of nude men and women engaged in a variety of explicit sexual acts, clearly falls within the descriptions of conduct proscribed under Art. 527 by prior cases. See West v. State, supra.

Nor do the appellants benefit from that part of the decision in Miller v. California, supra, which abandoned the "utterly without redeeming social value" test for obscenity. As noted in Hamling v. United States, ── U.S. ──, 94 S.Ct. 2887, 41 L. Ed.2d 590 (1974), this test imposes an extremely heavy burden on the prosecution. These appellants were convicted by the trial court, sitting without a jury, under a statute expressly incorporating the pre-*Miller Roth-Memoirs* test. Appellants could derive no benefit from a re-trial under the lesser *Miller* standard.[1]

■ Appellants also contend that since they were tried under the now rejected definition of "contemporary community standards" encompassing a "national community," they should be retried under a definition limited to their local community. In answering such a contention in Hamling v. United States, supra, the Supreme Court held that an instruction to a jury to apply

---

1. It should be observed that the *Memoirs* test is still the test in this State, by statute. See Sec. 43.21(1)(C), Vernon's Tex.Codes Ann., Penal Code.

the community standards of the "nation as a whole" did not require reversal absent a showing of material prejudice to the defendants. No such showing exists here.

We have examined the publications at issue here and find them to be obscene under both the former test (Memoirs v. Massachusetts, 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1 [1966]) and under the new test announced in Miller v. California, supra.

The judgments are affirmed.