**T.K.'s VIDEO, INC., Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–93–352–CR.**

Court of Appeals of Texas,
Fort Worth.

Dec. 7, 1994.

Rehearing Overruled Feb. 21, 1995.

**288**

Malcolm Dade, Leslie Gill, Dallas, for appellant.

Bruce Isaacks, Crim. Dist. Atty., and Jim E. Crouch, Asst., Denton, for appellee.

Before LATTIMORE, WEAVER and DAY, JJ.

## OPINION

DAY, Justice.

T.K.'s Video, Inc. (T.K.'s) appeals its conviction for promoting obscene material. TEX.PENAL CODE ANN. § 43.23 (Vernon

1994).[1] A jury found T.K.'s guilty and assessed punishment at a $10,000 fine.

We affirm.

On January 11, 1990, a Denton County deputy sheriff purchased a dildo at T.K.'s. In August 1990, the State charged T.K.'s by information with the offense of promotion of obscenity. TEX.PENAL CODE ANN. § 43.23 (Vernon 1994).

In T.K.'s only point of error, it asserts the trial court committed reversible error by refusing to instruct the jurors that they need to determine whether this prosecution invaded the right to privacy of T.K.'s customers. Before T.K.'s would be entitled to a jury instruction based on its customers' privacy rights, however, it must have standing to assert its customers' privacy rights, and its customers must have a privacy right for T.K.'s to assert.

■ In certain circumstances, a corporation or seller can assert the rights or claims of purchasers, such as when the purchasers' claims are directly interrelated to the seller's claims. *See Craig v. Boren,* 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976); *Singleton v. Wulff,* 428 U.S. 106, 112, 96 S.Ct. 2868, 2873, 49 L.Ed.2d 826 (1976); *Hejira Corp. v. MacFarlane,* 660 F.2d 1356, 1360 (10th Cir. 1981). Two federal courts, however, have stated that the right of a corporation or seller to assert the rights of its customers does not extend to purely private rights, such as the privacy rights of those customers,[2] but the U.S. Supreme Court has allowed an individual and a corporation under certain very limited circumstances to assert the privacy rights of third parties. *See Carey v. Population Serv. Int'l,* 431 U.S. 678, 682–86, 97 S.Ct. 2010, 2014–16, 52 L.Ed.2d 675 (1977) (allowing a corporation selling contraceptives to assert the privacy rights of consumers); *Singleton,* 428 U.S. at 113–17, 96 S.Ct. at 2873–75 (allowing physicians injured in fact by a statute to assert the rights of their patients). Thus, we seriously question T.K.'s standing to assert the privacy rights of its customers in this case, but we decline to rule on the

---

1. The legislature amended section 43.23(b) & (g) in 1993, but the pertinent sections to T.K.'s prosecution remained unchanged.

2. *Hejira,* 660 F.2d at 1360; *Franza v. Carey,* 518 F.Supp. 324, 333 n. 14 (S.D.N.Y.1981).

standing issue because of our holding below on the lack of a privacy right in T.K.'s customers for T.K.'s to assert.

■ While an individual may have a right to possess obscene material in the privacy of his home, that "zone of privacy" does not extend beyond the home to surround the purveyor and consumer of obscene materials. *See United States v. Orito,* 413 U.S. 139, 93 S.Ct. 2674, 37 L.Ed.2d 513 (1972); *Stanley v. Georgia,* 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969); *Yorko v. State,* 690 S.W.2d 260, 264–65 (Tex.Crim.App.1985); *Goodwin v. State,* 514 S.W.2d 942 (Tex.Crim. App.1974); *Coberly v. State,* 640 S.W.2d 428, 430 (Tex.App.—Fort Worth 1982), *pet. ref'd per curiam,* 644 S.W.2d 734 (Tex.Crim.App. 1983). Thus, we hold that while T.K.'s customers have a privacy right to possess the obscene material, they do not have a corresponding privacy right to purchase the obscene material. *See Id.; United States v. 12 200–Ft. Reels of Super 8 mm. Film,* 413 U.S. 123, 93 S.Ct. 2665, 37 L.Ed.2d 500 (1973). As such, T.K.'s customers lack a privacy right for T.K.'s to assert. We overrule T.K.'s sole point of error.

The trial court's judgment is affirmed.