**Ex parte Valeria Joyce DAVE.**

No. 2–06–092–CR.

Court of Appeals of Texas,
Fort Worth.

Feb. 22, 2007.

Rehearing Overruled March 15, 2007.

Discretionary Review Refused
June 20, 2007.

Michael Logan Ware, Fort Worth, Jennifer M. Kinsley, Cincinnati, OH, for appellant.

Charles M. Mallin, Chief, Appellate Division, District Attorney's Office, Fort Worth, for appellee.

PANEL A: CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

## OPINION

JOHN CAYCE, Chief Justice.

Appellant Valeria Joyce Dave appeals the trial court's order denying her application for writ of habeas corpus on the ground that the misdemeanor obscenity statute under which she is charged in the underlying case is facially unconstitutional. We affirm.

Appellant is an employee of Dreamer's, a sexually-oriented business in Kennedale, Texas. No one under the age of eighteen is allowed on the premises, and Dreamer's offers no on-premises entertainment. Instead, its customers may purchase videotapes and DVDs for off-premises viewing only. The State alleges that appellant sold two videotapes containing obscene materials to two different undercover police officers. Thereafter, appellant was charged with two counts of promoting obscenity.

Section 43.23 of the Texas Penal Code provides that a person commits an offense if, knowing its content and character, she "promotes or possesses with intent to promote any obscene material or obscene device." [1]

---

1. TEX. PENAL CODE ANN. § 43.23(c)(1) (Vernon Supp.2006). "Promote" includes selling or offering or agreeing to sell. *Id.* § 43.21(a)(5) (Vernon 2003). "Obscene" means material that

    (A) the average person, applying contemporary community standards, would find that taken as a whole appeals to the prurient interest in sex;

    (B) depicts or describes:

      (i) patently offensive representations or descriptions of ultimate sexual acts, normal or perverted, actual or simulated, including sexual intercourse, sodomy, and sexual bestiality; or

      (ii) patently offensive representations or descriptions of masturbation, excretory functions, sadism, masochism, lewd exhibition of the genitals, the male or female genitals in a state of sexual stimulation or arousal, covered male genitals in a discernibly turgid state or a device designed and marketed as useful primarily for stimulation of the human genital organs; and

In her issue on appeal, appellant argues that the trial court improperly denied her request for habeas relief because section 43.23 unconstitutionally restricts the right of privacy embodied in the Due Process Clause of the Fourteenth Amendment.[2] Appellant contends that the First Amendment protects an individual's right to privately possess and view obscene materials, and the Fourteenth Amendment protects a merchant's right to sell those materials at a sexually-oriented business such as Dreamer's, where no one under age eighteen is allowed in the store, and the materials sold there are not viewed on the premises. Appellant further contends that these rights are fundamental constitutional rights.

A criminal defendant may challenge the facial constitutionality of a statute via a pretrial application for writ of habeas corpus.[3] When we are confronted with an attack on the constitutionality of a statute, we presume that the statute is valid and that the legislature has not acted unreasonably or arbitrarily.[4] The burden rests on the individual who challenges the statute to establish its unconstitutionality.[5]

A facial challenge to a statute is the most difficult challenge to mount successfully because the challenger must establish that no set of circumstances exists under which the statute will be valid.[6] Since a statute may be valid as applied to one set of facts and invalid as applied to another, the challenger must first show that the statute is unconstitutional as applied to her in her situation.[7] That the statute may be unconstitutional as applied to others is insufficient to support a facial challenge.[8]

State statutes designed to regulate obscene material must be carefully limited,[9] because the First and Fourteenth Amendments prohibit making an individual's private possession of obscene material a crime.[10] Obscene material itself, however, is not protected by the First Amendment.[11] Thus, the constitutionally-protected right to possess obscene material in the privacy of one's home does not give rise to a correlative right to sell or give it to

---

(C) taken as a whole, lacks serious literary, artistic, political, and scientific value. *Id.* § 43.21(a)(1).

2. "No State shall ... deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const., amend. XIV, § 1.

3. *Ex parte Weise,* 55 S.W.3d 617, 620 (Tex. Crim.App.2001).

4. *Rodriguez v. State,* 93 S.W.3d 60, 69 (Tex. Crim.App.2002).

5. *Id.*

6. *Santikos v. State,* 836 S.W.2d 631, 633 (Tex. Crim.App.), *cert. denied,* 506 U.S. 999, 113 S.Ct. 600, 121 L.Ed.2d 537 (1992); *Butler v. State,* 162 S.W.3d 727, 731 (Tex.App.-Fort Worth 2005), *aff'd,* 189 S.W.3d 299 (2006); *see Gillenwaters v. State,* 205 S.W.3d 534, 536 n. 2 (Tex.Crim.App.2006) ("A claim that a statute is unconstitutional 'on its face' is a claim that the statute, by its terms, always operates unconstitutionally.") (quoting *Tex. Boll Weevil Eradication Found. v. Lewellen,* 952 S.W.2d 454, 461 n. 5 (Tex.1997)).

7. *Santikos,* 836 S.W.2d at 633.

8. *Id.; Butler,* 162 S.W.3d at 731.

9. *Miller v. California,* 413 U.S. 15, 23–24, 93 S.Ct. 2607, 2614, 37 L.Ed.2d 419 (1973).

10. *Stanley v. Georgia,* 394 U.S. 557, 568, 89 S.Ct. 1243, 1249, 22 L.Ed.2d 542 (1969).

11. *Paris Adult Theatre I v. Slaton,* 413 U.S. 49, 69, 93 S.Ct. 2628, 2641, 37 L.Ed.2d 446 (1973); *Roth v. United States,* 354 U.S. 476, 486, 77 S.Ct. 1304, 1309, 1 L.Ed.2d 1498 (1957); *see Miller,* 413 U.S. at 23, 93 S.Ct. at 2614 ("This much has been categorically settled by the Court, that obscene material is unprotected by the First Amendment.").

others,[12] nor does it require the courts to fashion or recognize a right to distribute such material.[13]

■ Indeed, "commerce in obscene material is unprotected by any constitutional doctrine of privacy."[14] Consequently, the Supreme Court has held that "the States have a legitimate interest in regulating commerce in obscene material"[15] and has consistently and explicitly upheld the constitutionality of statutes regulating the distribution of obscenity.[16] Legitimate state interests include "stemming the tide of commercialized obscenity"[17] in order to protect the public quality of life, the community environment, and the social interest in order and morality.[18] An obscenity statute is constitutional if it is rationally related to the government's advancement of these interests.[19]

In this case, the protection of these interests is at stake, even though Dreamer's has safeguards in place to protect against exposure to juveniles and passersby.[20] Al-

---

**12.** *United States v. 12 200–Ft. Reels of Super 8mm. Film*, 413 U.S. 123, 128, 93 S.Ct. 2665, 2669, 37 L.Ed.2d 500 (1973); *United States v. Thirty–Seven (37) Photographs*, 402 U.S. 363, 376, 91 S.Ct. 1400, 1408, 28 L.Ed.2d 822 (1971); *United States v. Coil*, 442 F.3d 912, 916 (5th Cir.2006), *cert. denied*, —— U.S. ——, 127 S.Ct. 1326, 167 L.Ed.2d 86 (2007) (No. 06–980); *see also T.K.'s Video, Inc. v. State*, 891 S.W.2d 287, 289 (Tex.App.-Fort Worth 1994, pet. ref'd) (holding that, while an individual has a right to possess obscene material in the privacy of his home, there is no corresponding privacy right to purchase such material).

**13.** *United States v. Reidel*, 402 U.S. 351, 356, 91 S.Ct. 1410, 1412–13, 28 L.Ed.2d 813 (1971); *Coil*, 442 F.3d at 916.

**14.** *Paris Adult Theatre I*, 413 U.S. at 69, 93 S.Ct. at 2642.

**15.** *Id.*, 93 S.Ct. at 2642.

**16.** *See United States v. Orito*, 413 U.S. 139, 140, 143, 93 S.Ct. 2674, 2676, 2678, 37 L.Ed.2d 513 (1973) (upholding the constitutionality of a federal statute criminalizing the knowing, interstate transportation of obscene material, even if the transportation is by private carriage or intended for the transporter's private use); *12 200–Ft. Reels of Super 8mm. Film*, 413 U.S. at 129, 93 S.Ct. at 2669 (upholding the constitutionality of a federal statute prohibiting the importation of obscene material, even if it is for the importer's private, personal use and possession); *Thirty–Seven (37) Photographs*, 402 U.S. at 376, 91 S.Ct. at 1408 (same, but in circumstances involving both intended private use and public distribution); *Paris Adult Theatre I*, 413

U.S. at 69, 93 S.Ct. at 2642 (upholding the constitutionality of a Georgia statute prohibiting the knowing distribution of obscene material at an "adult" movie theater); *Reidel*, 402 U.S. at 352, 91 S.Ct. at 1411 (upholding the constitutionality of a federal statute that prohibits the mailing of obscene material to willing recipients who state they are adults).

**17.** *Paris Adult Theatre I*, 413 U.S. at 57, 93 S.Ct. at 2635.

**18.** *Id.* at 57–58, 93 S.Ct. at 2635; *Roth*, 354 U.S. at 485, 77 S.Ct. at 1309; *Yorko v. State*, 690 S.W.2d 260, 265–66 (Tex.Crim.App. 1985). The State laws must meet the First Amendment standards set out in *Miller v. California*, which holds that the prohibited conduct must be specifically defined and a state offense must be limited to works "which, taken as a whole, appeal to the prurient interest in sex, which portray sexual conduct in a patently offensive way, and which, taken as a whole, do not have serious literary, artistic, political, or scientific value." 413 U.S. at 24, 93 S.Ct. at 2615; *see Paris Adult Theatre I*, 413 U.S. at 69, 93 S.Ct. at 2642 (holding same). Appellant does not argue that the Texas obscenity statute—which tracks the language in *Miller*—fails to meet these standards. *See supra* n. 1.

**19.** *Vacco v. Quill*, 521 U.S. 793, 809, 117 S.Ct. 2293, 2302, 138 L.Ed.2d 834 (1997); *United States v. Extreme Assocs., Inc.*, 431 F.3d 150, 153 n. 7 (3rd Cir.2005), *cert. denied*, —— U.S. ——, 126 S.Ct. 2048, 164 L.Ed.2d 806 (2006).

**20.** *See Paris Adult Theatre I*, 413 U.S. at 57, 93 S.Ct. at 2635 ("categorically disap-

lowing the sale of obscene material would adversely affect the public quality of life by creating the potential for widespread dissemination of obscene material into the community.[21] Further, once the material leaves Dreamer's premises, there is no way to ensure that it will, as appellant suggests, be viewed only by a consenting adult in the privacy of his home. Instead, there is a very real danger that it could be given to or viewed by a juvenile or a nonconsenting adult.[22] The States may regulate based on the natural tendency that obscene material kept in a private area will not remain so once it leaves that area.[23]

█ Appellant recognizes these well-established authorities, but argues that they address only challenges brought under the First Amendment and not under the Due Process Clause of the Fourteenth Amendment. We disagree. The Supreme Court in *Paris Adult Theatre I* addressed the scope of the right to privacy guaranteed by the Fourteenth Amendment and concluded that it does not protect the sale or other distribution of obscene material.[24] In light of this clear pronouncement, we hold that the sale of obscene material is not protected by the Due Process Clause of the Fourteenth Amendment.[25]

Appellant also argues that, since *Paris Adult Theatre I*, *Orito*, and *Reidel* were decided, the Supreme Court has, in *Lawrence v. Texas*,[26] expanded the right to privacy embodied in the Due Process Clause of the Fourteenth Amendment "into the public sphere of commercial

---

prov[ing] the theory ... that obscene pornographic films require constitutional immunity from state regulation simply because they are exhibited for consenting adults only"). We reject appellant's argument that Dreamer's is a private, rather than public, place simply because no one under eighteen is allowed in the store and none of the material it sells can be viewed on the premises. Dreamer's is a commercial establishment open to the public, and any person over age eighteen who so desires can purchase obscene material there.

21. "Even supposing that each of us can, if he wishes, effectively avert the eye and stop the ear (which, in truth, we cannot), what is commonly read and seen and heard and done intrudes upon us all, want it or not." *Id.* at 59, 93 S.Ct. at 2636.

22. *See id.* at 57–58 n. 7, 93 S.Ct. at 2635 n. 7 (stating that the legitimate interest in preventing juvenile exposure to material sold at "adult" bookstores cannot be fully served by barring juveniles from the premises, based on studies showing that, although most pornography may be bought by adults, adolescent males and females and young adult males were "the heavy users and most highly exposed").

23. *Orito*, 413 U.S. at 143, 93 S.Ct. at 2678.

24. *Paris Adult Theatre I*, 413 U.S. at 65, 93 S.Ct. at 2639 ("Our prior decisions recognizing a *right to privacy under the Fourteenth Amendment* included only *personal* rights that can be deemed fundamental or implicit in the concept of ordered liberty.") (emphasis supplied, citations omitted); *id.* at 69, 93 S.Ct. at 2642 ("We have also reaffirmed ... that commerce in obscene material is unprotected by any constitutional doctrine of privacy.") (citing *Orito*, 413 U.S. at 143, 93 S.Ct. at 2678; *12 200–Ft. Reels of Super 8mm. Film*, 413 U.S. at 129, 93 S.Ct. at 2669; *Reidel*, 402 U.S. at 356, 91 S.Ct. at 1412–13; *Thirty–Seven (37) Photographs*, 402 U.S. at 376, 91 S.Ct. at 1408).

25. *See Coil*, 442 F.3d at 917 (stating that *Stanley* and its progeny, including *Paris Adult Theatre I*, "uphold[] the constitutionality of the obscenity laws against attacks on both the First Amendment and substantive due process"); *Extreme Assocs., Inc.*, 431 F.3d at 157 (rejecting the argument that *Paris Adult Theatre I*, *Orito*, and *Reidel* dealt only with a First, and not a Fourteenth, Amendment concept of privacy merely because the phrase "substantive due process" was not used in their holdings).

26. 539 U.S. 558, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003).

transactions between consenting adults." *Lawrence* did not, however, involve the sale or distribution of obscene materials, and it is completely inapposite to this case. It holds only that the right to liberty embodied in the Due Process Clause protects private, consensual sexual conduct between homosexuals from governmental intrusion.[27] Further, appellant's argument is directly contradicted by *Lawrence* itself, which expressly states that this right "does not involve public conduct." [28]

Moreover, the Supreme Court has commanded, "[i]f a precedent of this court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions." [29] The Court later reaffirmed this command, stating, "We do not acknowledge, and we do not hold, that other courts should conclude our more recent cases have, by implication, overruled an earlier precedent." [30]

In *Paris Adult Theatre I*, the Supreme Court upheld as constitutional a Georgia obscenity statute virtually identical to the Texas obscenity statute at issue here.[31] The Supreme Court has also held that States may prohibit the sale of obscenity in order to protect the public quality of life and the social interest in order and morality.[32] This Supreme Court precedent has direct application to appellant's case and has not been overruled by *Lawrence* or any other Supreme Court decision. Therefore, we decline to hold section 43.23 unconstitutional based on *Lawrence*.[33]

For all these reasons, we hold that there is no constitutionally-protected right, under either the First or the Fourteenth

---

**27.** *Id.* at 578, 123 S.Ct. at 2483–84 (holding unconstitutional the Texas statute criminalizing deviate sexual intercourse with another individual of the same sex).

**28.** *Id.*, 123 S.Ct. at 2484.

**29.** *Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 484, 109 S.Ct. 1917, 1921–22, 104 L.Ed.2d 526 (1989).

**30.** *Agostini v. Felton*, 521 U.S. 203, 237, 117 S.Ct. 1997, 2017, 138 L.Ed.2d 391 (1997).

**31.** The Georgia statute provided as follows:

A person commits the offense of distributing obscene materials when he sells, lends, rents, leases, gives, advertises, publishes, exhibits or otherwise disseminates to any person any obscene material of any description, knowing the obscene nature thereof, or who offers to do so, or who possesses such material with intent so to do. . . .

*See Paris Adult Theatre I*, 413 U.S. at 51 n. 1, 93 S.Ct. at 2632 n. 1.

The Texas obscenity statute provides in pertinent part as follows: "A person commits an offense if, knowing its content and character, he: (1) promotes or possesses with intent to promote any obscene material. . . ." Tex. Penal Code Ann. § 43.23(c)(1). "Promote" means "to manufacture, issue, sell, give, provide, lend, mail, deliver, transfer, transmit, publish, distribute, circulate, disseminate, present, exhibit, or advertise, or to offer or agree to do the same." *Id.* § 43.21(a)(5).

**32.** *Paris Adult Theatre I*, 413 U.S. at 57–58, 93 S.Ct. at 2635; *Roth*, 354 U.S. at 485, 77 S.Ct. at 1309. "There is a 'right of the Nation and of the States to maintain a decent society. . . .' " *Paris Adult Theatre I*, 413 U.S. at 59, 93 S.Ct. at 2636; *see also Yorko*, 690 S.W.2d at 265 (holding, based on *Paris Adult Theatre I* and *Roth*, that it is "appropriate for the State to act to protect the 'social interest in order and morality' or 'decency' "); *Extreme Assocs., Inc.*, 431 F.3d at 154, 159 n. 12 (rejecting the argument that prohibiting commerce in obscene material to uphold the public sense of morality is not a legitimate state interest after *Lawrence* ).

**33.** *See Coil*, 442 F.3d at 916–17; *Extreme Assocs., Inc.*, 431 F.3d at 155–58 (both refusing, based on *Rodriguez de Quijas* and *Agostini*, to apply *Lawrence* to overrule well-established federal case law upholding the constitutionality of statutes regulating the distribution of obscenity).

Amendment, to sell obscene material,[34] and that the State has a legitimate interest in regulating commerce in obscene material. We further hold that section 43.23, which prohibits the sale of obscene material, is rationally related to the government's advancement of this legitimate interest. Accordingly, section 43.23 is both facially constitutional and constitutional as applied to appellant. Therefore, we overrule appellant's issue and affirm the trial court's order denying habeas relief.

---

**34.** Because there is no constitutional right to sell obscene material, appellant's argument that such a right is "fundamental" fails.