COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| | § | No. 08-07-00354-CV |
| IN THE INTEREST OF D.J.R., E.N.R., | § | Appeal from |
| and A.D.R., MINOR CHILDREN. | § | 65th District Court |
| | § | of El Paso County, Texas |
| | § | (TC # 2006CM4085) |
| | § | |

**O P I N I O N**

This appeal arises from the termination of parental rights. The trial court found by clear and convincing evidence that termination of the parent-child relationship between D.R. and his children was in the children's best interest and that Appellant had engaged in acts or conduct that satisfied one or more of the statutory grounds. D.R. complains of evidentiary error, and assails the constitutionality of Section 263.045 of the Texas Family Code. For the reasons that follow, we affirm.

**FACTUAL/PROCEDURAL BACKGROUND**

D.R. is the biological father of the three children at issue. His seven-month-old daughter passed away on March 15, 2006 and D.R. was arrested and charged with capital murder in her death. On June 20, 2006, the Department of Protective and Regulatory Services filed suit to terminate his parental rights on the statutory grounds that (1) he placed or knowingly allowed the child to remain in conditions or surroundings which endangered the physical or emotional well-being of the child, and (2) that he engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangers the

physical or emotional well-being of the child. On November 14, 2007, the trial court judge signed the final "Order of Termination" which incorporated by reference and rendered final the interlocutory decree of termination dated September 25, 2007. An amended notice of appeal and a notice of points to be presented on appeal, with objection, was timely filed on November 27, 2007. Following a hearing, the trial court determined that the stated points for appeal were frivolous. A notice of accelerated appeal was timely filed on December 13, 2007.

We ordered the parties to submit briefing related to the trial court's determination that the appeal was frivolous, and following submission of those briefs, we reversed and ordered that the parties brief the merits. The issues, having been fully briefed, are now ripe for consideration.

## EVIDENTIARY ERROR

In Point of Error One, D.R. complains that the county medical examiner, Dr. Paul Shrode was not qualified as an expert to testify concerning the cause of death of D.J.R.

*Standard of Review*

A trial court's acceptance of an expert's qualifications is reviewed for an abuse of discretion. *Broders v. Heise*, 924 S.W.2d 148, 151 (Tex. 1996). Absent an abuse of discretion, we will not interfere with the exercise of the trial court's discretion. "The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles." *E.I. du Pont de Nemours and Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995). The party offering the expert's testimony bears the burden to prove that the witness is qualified under the Texas Rules of Evidence. Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise.

TEX.R.EVID. 702. *See Gammill v. Jack Williams Chevrolet, Inc.*, 972 S.W.2d 713, 718 (Tex. 1998); *Broders*, 924 S.W.2d at 151. The role of the trial court in qualifying experts is to ensure "that those who purport to be experts truly have expertise concerning the actual subject about which they are offering an opinion." *Broders*, 924 S.W.2d at 152. The offering party must demonstrate that the expert witness possesses special knowledge as to the very matter on which he proposes to offer an opinion. *Gammill*, 972 S.W.2d at 718.

*Testimony*

Dr. Shrode testified that he is the Chief Medical Examiner for El Paso County and has served in that capacity for a little over a year-and-a-half. He has approximately ten years of experience as a forensic pathologist. Dr. Shrode received special training in forensic pathology after earning a medical degree from Texas Tech University. For seven years, he worked for Harris County as a medical examiner. He then returned to Lubbock, and finally moved to El Paso. He is licensed to practice medicine in Texas and is board certified in forensic pathology. He is required to obtain continuing education under his medical license. Dr. Shrode has been published in a few toxicology journals and has been recognized as an expert in El Paso County in five or six criminal cases. He has testified over 200 times in Harris County and has performed over 4,000 autopsies.

Dr. Shrode testified that his job as Chief Medical Examiner is to determine a cause of death in cases that fall within his jurisdiction. Forensic pathology is a recognized specialty and there is an accepted curriculum for training to achieve this specialty. Specifically, one must complete a residency in pathology before choosing a sub-specialty, such as forensic pathology.

During voir dire, Dr. Shrode testified that his theory regarding the child's autopsy and cause of death was based on scientific principles. Based on the autopsy, the investigation reports, and his own

experience, Dr. Shrode opined that the infant's cause of death was non-accidental cranial cerebral trauma. The cranial cerebral trauma was supported by brain swelling, blood around the retina, and blood under the protective cover of the brain. Dr. Shrode personally collected all the fluid and tissue samples.

Dr. Shrode testified that pathologists rely upon literature and experience rather than pure mathematics and science in performing autopsies. When asked about the rate of error in cause of death determinations, he admitted there is disagreement within the medical community concerning whether cranial cerebral trauma can be caused by shaking alone, or requires shaking accompanied by some sort of impact. He bases his opinions on publications and peer review that are well-established within the medical community in his area of practice.

Dr. Shrode learned during residency and fellowship training to approach a child's death as a homicide until proven otherwise. As a doctor, he must eliminate all possibilities until he concludes there is "no way" the child died of natural causes. According to Dr. Shrode, the injury the child sustained was a "significant trauma" which required "a lot of force." Based on the facts that were presented to him and the finding that trauma was inflicted, Dr. Shrode concluded, "it just doesn't fit that [her injury] just happened."

When asked on voir dire about his membership in the State Bar of Texas, Dr. Shrode testified that in 1979 he took a provisional course to go to law school at Southwest Texas State University. When the school did not obtain accreditation, the course became a paralegal program. After graduation, Dr. Shrode went to work for the Legal Aid Society and became a member of the State Bar of Texas through the paralegal division. Because the degree was conferred through the graduate Department of Political Science, Dr. Shrode believed he had a law degree. After hearing the arguments of counsel, the trial court ruled that he qualified as an expert.

*Expert Qualifications*

D.R. complains of Dr. Shrode's "lack of expertise, his unreliable methodology, and his lackluster publishing record". He contends that the coroner's "homespun ideas about infant death" are neither generally accepted by the medical community nor grounded in the methods and procedures of science. We conclude that the record proves otherwise.

We have already recounted Dr. Shrode's education, medical background, and prior employment as a forensic pathologist. He is the Chief Medical Examiner for El Paso County. He is a licensed medical doctor who is board certified in forensic pathology. He concluded that the child's cause of death was cranial cerebral trauma based on the autopsy and investigation. We perceive no abuse of discretion in the trial court's finding that Dr. Shrode was qualified to testify as an expert. D.R.'s appellate challenge is limited to whether the trial court abused its discretion in finding that Dr. Shrode qualified as an expert witness, not whether his expert testimony was reliable. *Vela v. State*, 209 S.W.3d 128, 131 (Tex.Crim.App. 2006). Any argument regarding the reliability of his testimony has not been properly preserved. TEX.R.APP.P. 33.1. We also conclude that evidence concerning the doctor's belief that he possess a law degree goes to the weight of the evidence rather than its admissibility. We overrule Point of Error One.

## CONSTITUTIONALITY OF SECTION 263.405

In Points of Error Two and Three, D.R. contends that Section 263.405 of the Family Code is unconstitutional because it violates both the due-process clause and the separation-of-powers clause. In particular, he challenges Sections 263.405(b) and (I) which provide:

> (b) Not later than the 15th day after the date a final order is signed by the trial judge, a party who intends to request a new trial or appeal the order must file with the trial court:

(1) a request for a new trial; or

(2) if an appeal is sought, a statement of the point or points on which the party intends to appeal.

.    .    .

(I) The appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of the points on which the party intends to appeal or in a statement combined with a motion for new trial.

TEX.FAM.CODE ANN. § 263.405(b), (i)(Vernon 2008).

*Due Process*

D.R. contends that sub-section 263.405(b) and (i) are unconstitutional both facially and as applied because the expedited timetable deprives appellate counsel of a meaningful review of the trial record. A facial challenge to a statute is the most difficult because the challenger must establish that no set of circumstances exists under which the statute will be valid. *Santikos v. State*, 836 S.W.2d 631, 633 (Tex.Crim.App.1992); *Ex parte Dave*, 220 S.W.3d 154, 156 (Tex.App.--Fort Worth 2007, pet. ref'd). Since a statute may be valid as applied to one set of facts and invalid as applied to another, the challenger must first show that the statute is unconstitutional as applied to him. *Santikos*, 836 S.W.2d at 633; *Ex parte Dave*, 220 S.W.3d at 156. That the statute may be unconstitutional as applied to others is insufficient to support a facial challenge. *Santikos*, 836 S.W.2d at 633; *Ex parte Dave*, 220 S.W.3d at 156. When we are confronted with an attack on the constitutionality of a statute, we presume that the statute is valid and that the Legislature has not acted unreasonably or arbitrarily. *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex.Crim.App.2002). The burden rests on the individual who challenges the statute to establish its unconstitutionality. *Id*.

A claim that a statute is unconstitutional as applied is a claim that the statute, although generally constitutional, operates unconstitutionally as to the claimant. *Texas Boll Weevil Eradication Foundation, Inc. v. Lewellen*, 952 S.W.2d 454, 461 n.5 (Tex. 1997). An as-applied challenger is required only to demonstrate that the statute operates unconstitutionally when applied to his particular circumstances. *In re N.C.M.*, 271 S.W.3d 327, 328-29 (Tex.App.--San Antonio 2008, no pet.).

D.R. has not identified any appellate issue he was prevented from pursuing because of the restrictions in Section 263.405. Nor has he alleged that he would have discovered more issues if more time had been allowed. D.R. was appointed appellate counsel two and one-half months before the fifteen day deadline established in subsection (b). We recognize that our sister courts have found the provision unconstitutional as applied in cases where appellate counsel was not appointed until after the statement of points was due, and the Supreme Court recently held Section 263.405 unconstitutional to the extent it prevents a challenger from raising ineffective assistance or evidentiary sufficiency claims on appeal if those contentions were not first alleged in a statement of points. *See In re J.O.A.*, 262 S.W.3d 7, 24 (Tex.App.--Amarillo 2008), *aff'd in part, rev. in part*, 283 S.W.3d 336 (Tex. 2009); *In re S.K.A.*, 236 S.W.3d 875, 894 (Tex.App.--Texarkana 2007, pet. denied); *In re D.M.*, 244 S.W.3d 397, 415 (Tex.App.--Waco 2007, no pet.)(cases holding Section 263.405 unconstitutional as applied when appellant was not appointed counsel until after statement of points was due); *see also In re J.O.A.*, 283 S.W.3d 336, 339 (Tex. 2009)(concluding that Section 263.405(i) is unconstitutional to the extent it prevents claimants from raising ineffective assistance of counsel and insufficiency of the evidence when those claims are not first raised in a statement of points). Those factual scenarios are not before us. Because D.R. has not alleged there were other complaints he would have raised but for the restrictions of Section 263.405(b) and (i), he has not demonstrated the statute operated to deprive him of his rights to due process. *In re V.G.*, No.

04-08-00522-CV, 2009 WL 2767040, *15 (Tex.App--San Antonio Aug. 31, 2009, no pet.)(mem.op.); *In re T.D.M.*, No 12-07-00458-CV, 2008 WL 2122601, *2 (Tex.App.--Tyler May 21, 2008, no pet.)(mem. op.); *In re J.J.*, No. 2-06-333-CV, 2008 WL 623633, *1 (Tex.App.--Fort Worth Mar. 6, 2008)(mem. op.), *pet. denied*, 260 S.W.3d 461 (Tex. 2008)(cases rejecting as-applied challenge when appellant did not identify how she was harmed by application of Section 263.405). Having determined that D.R. failed to demonstrate that the statute is unconstitutional as applied to him, we overrule Point of Error Two.

*Separation of Powers*

In Point of Error Three, D.R. asks us to hold Section 263.405 unconstitutional as a violation of the separation-of-powers clause, in conjunction with our sister court's decision in *In re D.W.*, 249 S.W.3d 625 (Tex.App.--Fort Worth), *pet. denied*, 260 S.W.3d 462 (2008). We need not reach the constitutionality of the statute under the separation-of-powers clause as D.R. has wholly failed to show how he was harmed by its application to his case. *See VanDevender v. Woods*, 222 S.W.3d 430 (Tex. 2007)(noting that courts should rest decisions on non-constitutional grounds, if available, and not "wade into ancillary constitutional questions."); *In re B.L.D.*, 113 S.W.2d 340, 349 (Tex. 2003)("As a rule, we only decide constitutional questions when we cannot resolve issues on nonconstitutional grounds."). Nowhere in his brief does D.R. identify any issues that were preserved in the court below but not raised on appeal because those issues were not included in his statement of points. *See, e.g., Walker v. Texas Dept. of Family and Protective Services*, No. 01-07-00867-CV, ---- S.W.3d ----, 2009 WL 1688469, *7, 12 (Tex.App.--Houston [1st Dist.] June 18, 20009, pet. filed)(not yet reported)(refusing to reach the constitutionality of Section 263.405 under the due-process clause and separation-of-powers clause absent a showing that the operation of the challenged statute caused appellant harm); *In re M.M.F.*, No. 2-08-014-CV, 2008 WL

5265033, *7 (Tex.App.--Fort Worth Dec. 18, 2008, no pet.)(mem. op.)(refusing to address constitutionality of Section 263.405 under the separation-of-powers clause when the alleged harm--that he did not timely file a statement of points--was moot since the trial court granted an extension to file a statement of points and appellant later filed his statement of points); *In re H.B.*, No. 2-06-102-CV, 2006 WL 3438193, *2 (Tex. App.--Fort Worth Nov. 30, 2006, no pet.)(mem. op. on reh'g)(refusing to address appellant's argument on separation-of-powers principle when trial court granted the requested relief and appellant failed to demonstrate harm). As such, any opinion we render on the constitutionality of Section 263.405 under the separation-of-powers clause would address only a hypothetical injury and therefore be advisory. *See McAllen Med. Ctr., Inc. v. Cortez*, 66 S.W.3d 227, 232 (Tex. 2001); *Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000); *Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993)(cases holding courts have no jurisdiction to render advisory opinions). This we cannot do. Accordingly, we overrule Point of Error Three and affirm the judgment of the trial court.

January 6, 2010

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.