COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NOS.  2-08-070-CR

                                                2-08-071-CR

                                                2-08-072-CR

                                                2-08-073-CR

                                                2-08-074-CR

 

 

MARIO RICO MARTINEZ                                                       APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

          FROM
COUNTY COURT AT LAW NO. 2 OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.      Introduction








Appellant appeals five
convictions under Texas Penal Code section 71.021 for violations of civil
injunctions entered under the Texas Agang injunction statute.@  Tex. Civ. Prac. & Rem.
Code Ann. ' 125.065
(Vernon 2005).  In four points, he argues
that Texas Penal Code section 71.021 is unconstitutionally overbroad and vague
on its face; that Texas Civil Practice and Remedies Code section 125.065(a)(2)
violates the separation of powers doctrine by allowing district judges to order
reasonable restrictions to enforce section 71.021; and that individual
provisions of the injunction are unconstitutionally vague and overbroad.  We affirm.

II.     Factual
and Procedural Background

Appellant was charged by
information in five separate cause numbers with violations of two gang
injunctions: a temporary injunction entered on September 14, 2006, against
twenty-one members of the Varrio Carnales (VC) street gang and a permanent
injunction entered against the same parties on April 6, 2007, by the 89th
District Court of Wichita County, Texas. 
The court ordered the injunctions under section 125.065 of the civil and
practice remedies code.  Tex. Civ. Prac.
& Rem. Code Ann. '
125.065.  This section provides that a
trial court can enter a temporary or permanent injunction against a criminal
street gang member based on the finding that gang activity is a public
nuisance.  See id.  Section 125.065 states,

(a)
If the court finds that a combination or criminal street gang constitutes a
public nuisance, the court may enter an order:

 








(1)
enjoining a defendant in the suit from engaging in the gang activities of the
combination or gang; and

 

(2)
imposing other reasonable requirements to prevent the combination or gang from
engaging in future gang activities.

 

(b)
If the court finds that a place is habitually used in a manner that constitutes
a public nuisance, the court may include in its order reasonable requirements
to prevent the use of the place for gang activity.

 

Id.

The temporary and permanent
injunctions outlined a safety zone comprising 1.54 square miles called the AVC Safety Zone #1@ (Safety Zone) in an area of Wichita Falls known for its heavy gang
activity.  The injunctions at issue
prohibited 29 acts by Appellant while he was within the Safety Zone.[2]  The lists included illegal acts, such as
vandalism and possession of illegal drugs, but also otherwise-legal activities,
such as being seen in public with any other member of the VC gang and wearing
specific clothing denoting gang membership.








On December 13, 2006, Wichita
Falls police officers Foster and Sanchez observed Appellant making hand
gestures with his middle and ring fingers, which they believed to be gang
signs, a violation of provision 16 of the temporary injunction.  On January 2, 2007,  Officers Esteves and Saenz observed Appellant
riding as a passenger in a vehicle driven by another person named in the
temporary injunction, a violation of provision 2 of that injunction.  On February 20, 2007, Officer Smyth observed
Appellant, within the Safety Zone, sitting in a lawn chair on the property of a
fellow VC gang member along with two defendants named in the temporary
injunction, a violation of provisions 2 and 29 of that injunction.  On April 25, 2007, Officers Esteves and Saenz
observed Appellant riding in a vehicle with other known gang members, a
violation of provision 2 of the permanent injunction.  Finally, on September 6, 2007, Officers Hogan
and Montana observed Appellant on the street wearing clothes that identified
him as a member of the VC gang, a violation of provision 15 of the permanent
injunction.  The officers arrested
Appellant based on these violations, and the State charged him by information,
in all five cases, with knowingly violating the injunction orders, a Class A
misdemeanor under Texas Penal Code Section 71.021.  Section 71.021, entitled AViolation of Court Order Enjoining Organized Criminal Activity,@ states,

(a) A
person commits an offense if the person knowingly violates a temporary or
permanent order issued under Section 125.065(a) or (b), Civil Practice and
Remedies Code.

 

(b)
If conduct constituting an offense under this section also constitutes an
offense under another section of this code, the actor may be prosecuted under
either section or under both sections.








 

(c)
An offense under this section is a Class A misdemeanor.

 

Tex. Penal Code Ann. ' 71.021 (Vernon 2008).

Appellant filed a pretrial
motion to dismiss, arguing that Texas Penal Code section 71.021, Texas Civil
Practice and Remedies Code Section 125.065, and the injunctive provisions are
unconstitutional.  The trial judge overruled
the motion.  Appellant agreed to a plea
bargain and pleaded guilty to all five offenses, which resulted in a sentence
of 305 days of confinement and a $4,000 fine for each offense, punishment
running concurrently.  The trial court
certified Appellant=s right to
appeal matters which were raised by written motion and ruled on before
trial.  Appellant now appeals based on
this limited right.

III.     Appellant=s First Three Points








In his first three points,
Appellant argues that section 71.021 is unconstitutionally overbroad and vague
on its face.  Appellant also argues
section 125.065(a)(2) violates the separation of powers doctrine by allowing
district judges to order Areasonable
restrictions@ by civil
injunctions that are enforced by criminal prosecutions under 71.021 of the
penal code, thereby creating new criminal laws. 
This court recently rejected identical arguments with respect to the
same statutes.  See Goyzueta v. State,
266 S.W.3d 126, 130B37 (Tex.
App.CFort Worth, no pet. h.).  Goyzueta
involved the very same injunction that Appellant now challenges.  Id. at 129.  For the same reasons articulated in our
opinion in that case, we reject Appellant=s arguments regarding the constitutionality of penal code section
71.021 and the alleged violation of separation of powers in civil practice and
remedies code section 125.065.  See
id.  We overrule Appellant=s first, second, and third points.

IV.    Constitutionality
of the Injunctive Provisions

In his fourth point,
Appellant argues that the injunctions= specific provisions that he was charged with violating are
unconstitutionally vague and overbroad, threatening his freedom of association and
speech.  We will analyze each of the
relevant provisions in turn.

A.     Associating with and entering the property of other gang members








Provision 2[3]
of the permanent injunction prohibits Appellant from Aassociating, standing, sitting, walking, driving, bicycling, gathering
or appearing anywhere in public view with any other Defendant herein, with any
other individual who the Defendant knows is a member of the VC, or with other
known members of any other street gang.@  Provision 29[4]
of the temporary injunction prohibits Appellant from Aentering on to the property of another Defendant who is a party to
this lawsuit or any other individual who Defendant knows is a member of the VC@ at any location in Wichita County.

1.     Overbreadth and right of association

We first examine the
overbreadth argument.  See Village of
Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 494, 102
S. Ct. 1186, 1191 (1982) (stating that a court=s first task is to determine whether the enactment reaches a
substantial amount of constitutionally protected conduct).

Appellant argues that
provision 2 of both injunctions is overbroad because of the associational
restriction.  He argues that both
provisions 2 and 29 broadly sweep over the First and Fourteenth Amendments= right of association by preventing him from appearing in public with
a gang member for social and political purposes or even with a gang member
relative.

Applicable Law

A law is impermissibly
overbroad if, in addition to proscribing activities that may be
constitutionally prohibited, it sweeps within its coverage speech or conduct
protected by the First Amendment.  Bynum
v. State, 767 S.W.2d 769, 772 (Tex. Crim. App. 1989).  An overbreadth challenge will succeed if the
law reaches a substantial amount of constitutionally protected conduct.  Village of Hoffman Estates, 455 U.S.
at 494, 102 S. Ct. at 1191.













There are two types of
associations entitled to First Amendment protection: those with intrinsic or Aintimate@ value and
those that are Ainstrumental@ to forms of political or religious expression or activity.  See Roberts v. U.S. Jaycees, 468 U.S.
609, 617B18, 104 S. Ct. 3244, 3249B50 (1984).  Intimate
associations include those that Aattend the creation and sustenance of a family@ such as marriage and childbirth and those that have Asuch attributes as relative smallness, a high degree of selectivity in
decisions to begin and maintain the affiliation, and seclusion from others in
critical aspects of the relationship.@  Id. at 619-20, 104 S.
Ct. at 3250.  Instrumental associations
include associating with others Ain pursuit of a wide variety of political, social, economic,
educational, religious, and cultural ends.@  Id. at 622, 104 S. Ct.
at 3252.  The Supreme Court has stated
that the Constitution does not recognize a generalized right of Asocial association.@  City of Dallas v. Stanglin,
490 U.S. 19, 25, 109 S. Ct. 1591, 1595 (1989). 
The Court added that it is possible to find some @kernel of expression@ in many activities, including Awalking down the street or meeting one=s friends at a shopping mall, but such a kernel is not sufficient to
bring the activity within the protection of the First Amendment.@  Id., 109 S. Ct. at
1595.  Additionally, the Court has stated
that AFirst Amendment [protection] does not extend to joining with others
for the purpose of depriving third parties of their lawful rights.@  Madsen v. Women=s Health Ctr., Inc., 512 U.S. 753, 776,
114 S. Ct. 2516, 2530 (1994).

Analysis

Unlike statutes which are
potentially applicable to all persons, gang injunctions apply only to those
creating a Apublic
nuisance.@  Section 125.062 states that Aa combination or criminal street gang that continuously or regularly
associates in gang activities is a public nuisance.@  Tex. Civ. Prac. & Rem.
Code ' 125.062 (Vernon 2005).  Thus,
those involved in the public nuisance are not general members of the public but
are active participants in a gang.  See
id. '' 125.062, 125.065(a).  Further,
gang injunctions are enforceable only against individuals who Aknowingly@ violate an
injunction provision.  Tex. Penal Code
Ann. ' 71.021(a).








Looking at the association
prohibited here, the gatherings within the zone do not fit the category of
intimate associations, as VC is a large group that does not outwardly appear to
have family-related motivations.  See
Roberts, 468 U.S. at 620, 104 S. Ct. at 3250.  The gatherings do not fall into the
instrumental association category, either, as the group does not appear to meet
in public for political, economic, educational, religious, or cultural
purposes.  Cf. Roberts, 468 U.S.
at 622, 104 S. Ct. at 3252 (noting that the Jaycees, a nonprofit civic
organization, fell under the category of an instrumental association).  As to Appellant=s argument that VC gang members meet for social purposes, the Supreme
Court has previously stated that social associations are not recognized as
protected associations under the First Amendment.  See Stanglin, 490 U.S. at 25, 109 S.
Ct. at 1595.  In this case, the VC social
association rose to the level of a public nuisance, which is why the
injunctions were issued.

The temporary injunction
plainly states that the Safety Zone and injunctive restrictions are in place to
prevent gang-related criminal activity by VC members.  Based on the characteristics of the
association at issue, VC members do not fall within any of the First Amendment=s protected classes of association. 
See People ex rel. Gallo v. Acuna, 929 P.2d 596, 613, 615 (Cal.),
cert denied, 521 U.S. 1121 (1997) (rejecting overbreadth challenge to
gang injunction and upholding an injunctive restriction that prohibited
appellant from Astanding,
sitting, walking, driving, gathering or appearing anywhere in public view@ Awith any
other known VST [gang] member@).








Appellant argues that the
association prohibition in the injunction does not take family members into
consideration.  While it is true that if
Appellant has gang member relatives the injunction restricts him from associating
with them, the injunction does clarify that this restriction applies only when
the parties are in public view, and it provides exceptions to the
restriction for school obligations and for minors in the company of a parent or
guardian.  Creating an outright exception
to the injunction for familial association in the Safety Zone could make the
injunction less effective for dealing with the collective nature of gang
activity.  See People v.
Englebrecht, 106 Cal. Rptr. 2d 738, 758 (2001)  (holding that Aany liberalization of the injunction to try to allow greater familial
contact in the target area would limit the effectiveness of the injunction@).  Based on the type of
association prevented, we hold that injunctive provision 2 of the temporary and
permanent injunctions and provision 29 in the temporary injunction do not
restrict a substantial amount of constitutionally protected conduct.  We overrule Appellant=s overbreadth challenge regarding those provisions.

2.     Vagueness of terms

Appellant argues that
provisions 29 and 2 are vague because they violate the principle that ordinary
people must be able to understand what conduct is prohibited.  He argues that the restricted addresses in
provision 29 are too vague to inform him of the injunction=s boundaries and that provision 2 is vague regarding persons he cannot
appear with in public.

Applicable Law








The void-for-vagueness
doctrine states that a law is void if it fails to define the criminal offense
with Asufficient definiteness that ordinary people can understand what
conduct is prohibited and in a manner that does not permit arbitrary and
discriminatory enforcement.@  Lawrence v. State,
240 S.W.3d 912, 915 (Tex. Crim. App. 2007). 
If the law does not substantially implicate constitutionally protected
conduct, it is valid unless it is impermissibly vague in all applications.  Village of Hoffman Estates, 455 U.S.
at 495B96, 102 S. Ct. at 1192.  A
scienter requirement in a statute alleviates concerns of vagueness.  Gonzales v. Carhart, 127 S. Ct. 1610,
1628 (2007).

Analysis

Appellant argues that
provision 29 is vague due to the lack of a list of specific addresses that he
cannot enter and because the provision=s geographical scope is Aconfusing.@  But provision 29 prohibits Appellant from Aknowingly@ entering
property of Aanother
Defendant who is a party to this lawsuit or any other individual who the
Defendant knows is a member of the VC.@  Thus, Appellant will only
violate this provision if he has knowledge that the property is that of a party
to the lawsuit or a VC gang member.








Appellant had notice that he
could not knowingly enter the VC gang member properties because both the
temporary injunction listed him as a defendant and specifically listed the
other defendants.  Appellant was not
prohibited from entering the Safety Zone itself or various other neighborhoods
within Wichita County; rather, he could not enter the property of specifically
listed defendants and persons known to him as VC gang members.  The text of provision 29 is not so difficult
that an ordinary person could not understand it; it specifies that Appellant could
not enter known gang member properties or properties belonging to specifically
listed persons, preventing arbitrary and discriminatory police enforcement.








Appellant also argues that
provision 2 is vague because it appears to prohibit Appellant=s entire presence within the Safety Zone without providing guidelines
for his behavior while in that zone. 
Provision 2 clearly describes what he cannot do within the Safety Zone
and persons he cannot be seen with in public. 
The injunctions both state with specificity the outer boundaries of the
Safety Zone, including major street names, block numbers, and distance included
from the curb line.  The Safety Zone
clearly encompasses the area where VC members are a public nuisance: the
injunction states that Aunless
enjoined, the Defendants will continue to use the >VC Safety Zone #1> for the purposes of engaging in organized criminal activity as well
as other gang related conduct.@  The injunction largely
proscribes conduct within these boundaries;[5]
the police therefore had clear guidelines for arrests for injunction violations
and could not arbitrarily arrest Appellant within the Safety Zone.  Cf. Chicago v. Morales, 527 U.S. 41,
64, 119 S. Ct. 1849, 1863 (1999) (holding loitering ordinance
unconstitutionally vague due to the vast police discretion in ordering
dispersal of any person).








Appellant also argues that
provision 2 of the temporary injunction is unconstitutionally vague because it
prevents him from appearing in public within the Safety Zone with anyone Acharged with a criminal offense.@  He argues this clause is not
accompanied with guidelines to prevent arbitrary and discriminatory
enforcement.  If Appellant actually had
been charged with violating this clause, we may have been presented with a
different question because the phrase is expansive regarding what persons are
off-limits from public encounters.  The
phrase could include persons charged with offenses not known to Appellant,
allowing a potential arrest when Appellant had no notice that he was violating
the injunction.  However, Appellant was
not arrested under this clause of the injunctive provision.  Appellant was arrested twice for violating
provision 2 by appearing in public with other persons named as defendants in
the temporary injunction.  This clause
was not even included in the permanent injunction now in place.  Thus, Appellant does not have standing to
challenge this clause.  See Goyzueta,
266 S.W.3d at 133 (A[I]f there
is no constitutional defect in the application of the statute to a litigant, he
does not have standing to argue that it would be unconstitutional if applied to
third parties in hypothetical situations.@).[6]

B.     Using gang hand signs and wearing gang clothing

Provisions 15 of the
permanent injunction and 16 of the temporary injunction prohibit Appellant from
@[u]sing or making words, phrases, physical gestures, or symbols,
commonly known as gang hand signs or engaging in other forms of communication
which Defendant knows describes, refers, or identifies members of the
combination, or wearing clothes that particularly identify membership in the
combination.@

1.     Overbreadth and First Amendment Speech
Concerns

Gang hand signs








Appellant argues that
provision 16 of the temporary injunction and provision 15 of the permanent
injunction[7]
create an unconstitutional restriction on speech.  Appellant first targets the clause that
prohibits the use of gang signs and gestures to identify membership in a
gang.  Appellant argues these provisions
encompass protected speech, making them overbroad.

Applicable Law

A law is content-neutral when
it is justified without reference to the content of the regulated speech.  Bartnicki v. Vopper, 532 U.S. 514,
526, 121 S. Ct. 1753, 1760 (2001).  The
Supreme Court in Madsen pointed out a significant difference between
injunctions and statutes in the context of protected speech claims.  Madsen, 512 U.S. at 762, 114 S. Ct. at
2523.  An injunction can regulate a
particular group (or individuals) and its speech because of the group=s past actions in the context of a specific dispute between real
parties.  Id., 114 S. Ct. at
2523.  The parties seeking the injunction
assert a violation of their rights, and the court hearing the action is charged
with fashioning a remedy for a specific deprivation, not with the drafting of a
statute addressed to the general public. 
Id., 114 S. Ct. at 2523. 
An injunction is content-neutral when it does not prohibit a particular
message.  Id., 114 S. Ct. at
2523.  The persons prohibited may all
happen to share the same viewpoint, but this does not mean that the injunction
was created to quash a particular viewpoint. 
See id., 114 S. Ct. at 2523.








Standard of Review

The standard when evaluating
a content-neutral injunction is whether the challenged provision of the
injunction burdens no more speech than necessary to serve a significant
government interest.  Id. at 765,
114 S. Ct. at 2525.  The injunction must
employ the least restrictive means to accomplish its legitimate purpose.  Id. at 775, 114 S. Ct. at 2530.

Analysis








This injunction is
content-neutral because it did not prohibit any particular gang sign message;
rather, it prohibited the use of all gang signs and gestures within the
delineated zone.  See id.
at 763, 114 S. Ct. at 2523 (stating the injunction was content-neutral because
none of the restrictions imposed by the court were directed at the contents of
petitioner=s
message).  In this case, there were
several important government interests in preventing VC members from using the
Safety Zone to engage in criminal activity that endangers those residing within
the zone.  The injunction itself says the
defendants are enjoined from gang-related conduct because A[s]uch acts constitute irreparable harm because they jeopardize the
safety and well being of the citizens living in the >VC Safety Zone #1.>@  There is an additional implied
government interest in preventing the incitement of violence because, beyond
general identification, the gang signs can also be used as threats or to
provoke a violent event.  See Saenz v.
State, 976 S.W.2d 314, 318 (Tex. App.CCorpus Christi 1998, no pet.) (describing gang sign language that
indicated threats of violence between gang members).








The burden on Appellant=s and the listed defendants= speech is not beyond the means necessary to maintain a safe
area.  The provision is not
all-encompassing, as Appellant argues; it narrowly prohibits speech via gang
signs and gestures only.  Therefore,
Appellant can speak about a wide range of topics within the Safety Zone without
having his speech restrained.  The
injunction applies in equal force to all gang signs, not just VC signs, meaning
the injunction does not focus on Appellant=s particularized message.  See
Madsen, 512 U.S. at 763, 114 S. Ct. at 2523 (stating Anone of the restrictions imposed by the court were directed at the
contents of petitioner=s message@); see also City of Renton v. Playtime Theaters, Inc., 475 U.S.
41, 47,106 S. Ct. 925, 929 (1986) (holding that the restriction was
content-neutral because it was aimed at the secondary effects in the
surrounding community, not at a particular message).  Therefore, the provision burdens no more
speech than necessary to protect the safety of the neighborhood.  See Madsen, 512 U.S. at 776, 114 S.
Ct. at 2530 (holding that buffer zone and noise restrictions burdened no more
speech than necessary to eliminate the unlawful conduct restrained in the state
court=s injunction).  We overrule
Appellant=s
overbreadth challenge for these provisions.

2.     Vagueness

Appellant next argues that
provision 15 of the permanent injunction and 16[8]
of the temporary injunction are unconstitutionally vague.  He argues that there is no definition of Awords, phrases, physical gestures or symbols@ that are Acommonly
known as gang hand signs.@

Applicable Law and Analysis








Based on the previously
stated void-for-vagueness doctrine, the provision appears to define the conduct
sufficiently for ordinary people to understand it and for police officers to
enforce the provision nonarbitrarily.  See
Lawrence, 240 S.W.3d at 915.  The
language indicates very specific motions and phrases through limiting the
subject matter to hand gestures that identify the person as a gang member.  The language is specific enough to prevent
arbitrary and discriminatory enforcement because hand gestures used by gangs
are conspicuous and not difficult to determine, especially by trained police
officers.  See Aviles v. State,
No. 05-07-00477-CR, 2008 WL 1850779, at *4 (Tex. App.CDallas Apr. 28, 2008, pet. ref=d) (not designated for publication) (discussing Garland=s inclusion of gang hand signs in the multi-factor system used for
identifying potential gang members). 
Aside from training and experience, police officers may even rely on
statutory language as a guide, such as section 71.01(d) of the penal code,
which states that A>criminal street gang= means three or more persons sharing a common identifying sign or
symbol or an identifiable leadership who continuously or regularly
associate in the commission of criminal activities.@  Tex. Penal Code Ann. ' 71.01 (Vernon 2003) (emphasis added).








Appellant also makes a
vagueness challenge regarding the gang clothing restrictions found in
provisions 15 of the permanent injunction and 16 of the temporary injunction
are unconstitutionally vague.  Based on
the previously stated void-for-vagueness standard, the provisions define the
conduct sufficiently for ordinary people to understand it.  The language is also specific enough to
prevent arbitrary and discriminatory enforcement because gang colors are
commonly known in a region, especially by the police.  See Beasley v. State, 902 S.W.2d 452,
454 (Tex. Crim. App. 1995) (discussing officer=s knowledge of appellant=s gang membership based on specific color of clothing); Anderson v.
State, 901 S.W.2d 946, 948 (Tex. Crim. App. 1995) (discussing officer=s testimony that he knew defendant was a gang member because he was in
company of gang members and wore a gang T-shirt).  The police will not be free to pursue their
personal predilections because they will be limited to stopping named
defendants who choose to wear gang-signifying clothing within the Safety
Zone.  We overrule Appellant=s vagueness challenge to these provisions, and we overrule Appellant=s fourth point.

V.     Conclusion

Having overruled all four of
Appellant=s points, we
affirm the judgment.

 

PER CURIAM

 

PANEL:  GARDNER, WALKER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:
February 12, 2009











[1]See Tex.
R. App. P. 47.4.





[2]The
temporary injunction prohibited 29 acts, but the permanent injunction reduced
the restrictions to 26 acts.





[3]Provision
2 of the temporary injunction is substantially similar but has a textual
difference that we will address in a later section.





[4]Provision
29 of the temporary injunction is identical to Provision 26 of the permanent
injunction.





[5]Provision
29 of the temporary injunction and 26 of the permanent injunction prohibit
Appellant from entering VC and listed defendants=
properties within Wichita County.





[6]Appellant
also argues that provision 2 is vague because it does not define Agang
member.@  This argument is flawed because there is a
scienter requirement in the text of the injunction for a violation to occur.  Appellant must know the person is a member of
VC or another street gang.  The scienter
requirement removes concerns of vagueness. 
See Gonzalez, 127 S. Ct. at 1628; see also Acuna, 929 P.2d
at 613 (1997) (holding with respect to similar gang injunctions that trial
courts should find the requirement of defendant=s
knowledge to be implied in the injunction).





[7]Appellant
was charged with and convicted of violating both.





[8]The
provisions are identical, and Appellant was charged and convicted for violating
both.