In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-15-00160-CR
_____

BEATRIZ NOYOLA-NAVARRO, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 5
Montgomery County, Texas
Trial Cause No. 13-286349

**MEMORANDUM OPINION**

Beatriz Noyola-Navarro appeals her conviction for driving while intoxicated, a class B misdemeanor. Tex. Penal Code Ann. § 49.04(a), (b) (West Supp. 2016).[1] Before trial, Noyola-Navarro filed a motion to suppress evidence, claiming that no probable cause existed to warrant the police stopping her car, which resulted in her arrest for driving while intoxicated. The trial court denied

---

[1] We cite the current version of the Texas Penal Code, as any amendments to the provisions at issue do not affect the outcome of this appeal.

1

Noyola-Navarro's motion to suppress. Based on her plea agreement with the State, the trial court, immediately after ruling on the motion to suppress, proceeded to hear Noyola-Navarro's plea. In accordance with Noyola-Navarro's plea-bargain agreement with the State, she pled guilty to driving while intoxicated, and the court sentenced her to three days in the Montgomery County Jail, imposed a $1,000 fine, and ordered that Noyola-Navarro pay court costs. Subsequently, the trial court certified that Noyola-Navarro's case was a plea-bargain case and gave Noyola-Navarro the right to appeal only as to matters "raised by written motion filed and rule[d] on before trial and not withdrawn or waived[.]" *See* Tex. Code Crim. Proc. Ann. art. 44.02 (West 2006); Tex. R. App. P. 25.2(a)(2). The clerk's record includes a copy of the trial court's certification regarding Noyola-Navarro's right to appeal.

On appeal, Noyola-Navarro presents two issues challenging the voluntariness of her plea and the sufficiency of the evidence to support her conviction. However, in her appeal, Noyola-Navarro does not raise any issues that argue the trial court should have granted her motion to suppress. Significantly, the trial court's certification regarding Noyola-Navarro's right to appeal did not allow Noyola-Navarro to raise issues beyond the scope of the matters the trial court certified for appeal, and the two issues that Noyola-Navarro argues in her brief are

2

wholly unrelated to her motion to suppress, which was the only pretrial motion that she filed.

Section 44.02 of the Texas Code of Criminal Procedure authorizes trial courts to restrict a defendant's right to appeal to those matters raised in pretrial motions on which the defendant secures a ruling. *See* Tex. Code Crim. Proc. Ann. art. 44.02. Because the trial court did not authorize Noyola-Navarro to appeal the matters she challenges in the two issues she raises in her brief and she did not secure a ruling prior to trial on them, the two issues on which she seeks our review were not properly preserved for review. *See Goyzueta v. State,* 266 S.W.3d 126, 136 (Tex. App.—Fort Worth 2008, no pet.).We overrule issues one and two, and we affirm the trial court's judgment.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on February 1, 2016
Opinion Delivered November 2, 2016
Do Not Publish

Before Kreger, Horton, and Johnson, JJ.

3